### San Antonio & Aransas Pass Railway Company v. State of Texas.

Decided April 28, 1909.

**1.—Railways—Penalty—Constitutional Law.**

The Act of April 17, 1905, is not unconstitutional, so far as is requires railway companies to keep existing water closets at stations where passengers were received and discharged at night, lighted as thereby directed. Houston & T. C. R. Co. v. State, 101 Texas, 333, followed.

**2.—Railways—Penalty—Station.**

The penalty imposed on a railway company for failure to light its water closets at stations, does not depend on the volume of its passenger traffic or the number of persons to be benefited at a particular station.

**3.—Same—Passengers at Night.**

A railway station is one where passengers are received and discharged at night, within the meaning of the Act of April 17, 1905, though none of its trains stopped there at night except where they carried passengers for such station or were flagged to take on passengers there.

Appeal from the District Court of Lee County. Tried below before Hon. Ed. R. Sinks.

*A. W. Houston, John T. Duncan* and *R. J. Boyle,* for appellant.— A penal statute which makes an act or omission a crime or not, according to the opinion of the court or jury after the act is committed, is invalid because it is retroactive in its operation. Missouri, K. & T. Ry. Co. v. State, 100 S. W., 766, 100 Texas, 420; State v. Texas & N. O. Ry. Co., 103 S. W., 653; Ex parte Jackson, 45 Ark., 158; Ex parte McNulty, 77 Cal., 164; Ex parte Cox, 63 Cal., 21; Cooley's Const. Limitations (5th ed.), 139.

A statute which subjects a citizen to the payment of penalties without defining the offense for which they are inflicted, so as to afford the citizen an opportunity to protect himself by a performance of the duty imposed, deprives him of his property without due process of law and denies him the equal protection of the law. Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420; State v. Texas & N. O. Ry. Co., 103 S. W., 653; Louisville & N. Ry. Co. v. Commonwealth, 33 L. R. A., 209; Louisville & N. Ry. Co. v. Railroad Commission of Tenn., 19 Fed., 691; Ex parte McNulty, 77 Cal., 164; Tozer v. United States (C. C.), 52 Fed., 917.

A penal statute must be couched in such explicit terms that the party upon whom it is to operate may with reasonable certainty ascertain what the statute requires to be done and when it must be done, to afford a person charged with a duty an opportunity to protect himself by a performance of it according to law. The act in question is void because it does not define the offenses for which punishment is to be inflicted, so that its enforcement constitutes a deprivation of property without due process of law. Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420; State v. Texas & N. O. Ry. Co., 103 S. W., 653; Tozer v. United States, 52 Fed., 917; Penal Code, art. 6; French v. State, 14 Texas App., 76; Johnson v. State, 4 Texas App., 63; Gulf, C. & S. F. Ry. Co. v. Dwyer, 84 Texas, 200; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557-8; Ex parte Jackson, 45 Ark., 164; Cook v. State, 76 Ind. App., 278; Commonwealth v. L. & N. Ry. Co., 46 S. W., 700; Louisville & N. Ry. Co. v. Commonwealth, 35 S. W., 129; Ex Parte McNulty, 77 Cal., 164; People v. Taylor, 96 Mich., 576; State v. Partlow, 91 N. C., 550; Louisville & N. Ry. Co. v. Railroad Commission of Tenn., 19 Fed., 693.

The duty is imposed by the water closet law to light its separate closets and depot grounds adjacent thereto at regular scheduled stopping places for its night trains, and no duty is imposed with reference

to flag stations where trains only stop when flagged to do so. Ricker v. P. & R. F. Ry. Co., 38 Atl., 338.

*E. T. Simmang* and *Q. U. Watson,* for appellee.—While the defendant is not required to erect nor maintain suitable or separate water closets or privies, yet if it voluntarily assumes to do so and maintains one closet or privy for the use of its patrons, passengers or employes, either male, female or both, it is compelled by the valid portion of the law to keep the same lighted one hour before the schedule time for the arrival of its trains and one hour after the arrival thereof, in the night-time, and it is immaterial whether every train stops at the station or whether the closets are suitable or separate. Houston & T. C. R. R. Co. v. State, 107 S. W., 525, 101 Texas, 333; Houston & T. C. R. R. Co. v. State, 103 S. W., 449; Missouri, K. & T. R. R. Co. v. State, 100 Texas, 420.

The Act of 1905, requiring railroads to construct and maintain suitable and separate water closets or privies for both male and female persons and to keep the same in a reasonably clean and sanitary condition, and to keep same well lighted and prescribing penalties for a violation thereof, is not void for uncertainty, but its requirements are sufficiently definite to advise appellant of its duties in respect thereto. Houston & T. C. R. R. Co. v. State, 107 S. W., 525, 101 Texas, 333; Houston & T. C. R. R. Co. v. State, 103 S. W., 450; Louisville & N. R. R. v. Commission, 45 S. W., 880; Louisville & N. R. R. v. Commission, 46 S. W., 696; Illinois Cent. R. R. Co. v. Commission, 52 S. W., 818; 19 Am. & Eng. Ency. Law, 1077.

It is immaterial whether the railroad employes term it a flag stop, regular stop, or special stop, and it is immaterial that every train does or does not stop at such place, provided passengers are received and discharged in the night-time at such station. Acts 29th Leg., p. 324; Rev. Stats., arts. 4542-4519; Beauchamp v. International & G. N. R. Co., 56 Texas, 246; State v. New Haven R. Co., 37 Conn., 153; New Haven R. R. Co. v. Hammersly, 104 U. S., 1; Falk v. New York & S. W. R. R. Co., 56 N. J. Law (27 Vroom), 380; State v. Indiana & I. S. R. Co., 133 Ind., 69; Magee v. Camden Trans. Co., 45 N. Y., 514.

KEY, ASSOCIATE JUSTICE.—Except in one respect, this case is quite similar to Houston & T. C. Railroad Co. v. the State, 103 S. W., 449, and 101 Texas, 333, decided by this Court and by the Supreme Court. It was there held that the water-closet statute enacted by the Twenty-ninth Legislature, in so far as it related to maintaining water closets and keeping them lighted at night-time, was not unconstitutional and could be enforced.

In this case the trial court instructed the jury to find for the State the sum of $2,600, because the undisputed evidence showed that the defendant had failed to light its water closets for a period of twenty-six weeks at its station in the town of Lexington, at which it received and discharged passengers in the night-time. The jury having so found and the judgment having been rendered accordingly, the defendant has appealed and assigns that instruction as error.

We shall not undertake to discuss the various assignments presented in appellant's brief. The case referred to settled the question as to the validity of so much of the statute as has application to this case. The alleged distinction between this case and the case cited arises upon this state of facts: The proof shows that Lexington is. a town of several hundred inhabitants; that appellant's road passes through the town and appellant maintains a station and depot there for the transaction of its business. At the time in question it had two water closets, neither of which were lighted at night; none of its trains were scheduled to stop at that station at night, but the proof shows that it sold tickets at other points on the road for Lexington and sometimes stopped at night to put off passengers. It was also shown that persons desiring to leave Lexington at night sometimes went to the station and bought tickets from appellant's porter, whereupon the porter flagged the trains and they stopped and received such passengers at night. In view of these facts, and the proof showing that no train carrying passengers made regular stops at Lexington in the night-time, it is contended on behalf of appellant that Lexington was not a station within the purview of the statute referred to, which requires railroads to keep their water closets at stations where they receive and discharge passengers in the night-time lighted for a certain length of time before and after the arrival of trains. That contention is not regarded as tenable. While in one sense the statute is penal, in another it is remedial. It fixes a penalty of $100 a week for failure to comply with its requirements, but it was enacted for the benefit of the traveling public and to remedy a condition which the Legislature must have regarded as an evil. Compliance with its requirements can not be made to depend upon the volume of a railroad's passenger traffic, or the number of persons to be benefited at a particular station. If a railroad company chooses to disregard the statute, it can not avoid the resultant penalty by showing that, while it received and discharged passengers in the night-time at the particular station, it did not receive and discharge as many there as at some other station, or as are usually received and discharged at railroad stations. As before said, compliance with the statute does not depend upon the extent of traffic embraced in the class referred to in the statute.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.