HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. STATE OF TEXAS.

Decided May 19, 1909.

**1.—Railway—Lighting Water Closet.**

Evidence that a lamp at a passenger station cast a light in the direction of the water closet there maintained did not show compliance with the law requiring the latter to be lighted, where there was no evidence that it was kept lighted at the hours required by the statute.

**2.—Penalty—Constitutional Law—Overruled Case.**

A ruling of the Supreme Court holding a penal statute unconstitutional in its application to the acts of defendant then involved, will not protect a defendant incurring a penalty by violating the statute in other particulars in which its validity was sustained, where the court do not overrule the first but distinguish and harmonize the two decisions.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed R. Sinks.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett,* for appellant.— The statute does not provide that a light shall be on the closet, nor in close proximity thereto, neither does said statute prescribe the character of the light that shall be used; hence the sufficiency of the light about the depot grounds and closet is purely a question of fact for the jury, and it was error for the trial court to refuse to submit it to the jury and peremptorily instruct a verdict for plaintiff. Laws of 1905, chap. 133, p. 324; Guance v. Railway, 20 Texas Civ. App., 33; Bowman v. Texas Brewing Co., 17 Texas Civ. App., 446.

Said statute, being penal in its character, and the defendant company having acted in good faith on the construction given the same by the highest judicial tribunal of the State, and with no intention to violate the law, it ought not, in good conscience, be subjected to heavy penalties for having followed and being controlled in its conduct by the decision of the Supreme Court of Texas. Missouri, K. & T. Ry. v. State, 100 Texas, 420; Missouri, K. & T. Ry. v. State, 100 Texas, 426; Ft. Worth & R. G. Ry. v. State, 100 Texas, 425; Douglas v. County of Pike, 101 U. S., 687; Fairfield v. County of Gallatin, 100 U. S., 52; Ralls v. Douglass, 105 U. S., 732; Green County v. Conness, 109 U. S., 104; Richardson v. Marshal, 45 S. W., 440; Farrior v. Security Co., 12 L. R. A., 857.

*Jack Jenkins,* County Attorney, and *J. B. Price* and *Watson & Simmang,* for appellee.—There can be but one conclusion drawn from the evidence, and that is that the closet was not well lighted, nor was it lighted at all. Where the proof is such that but one conclusion can be reached and about which ordinary minds can not differ, it becomes

the duty of the court to instruct a verdict.    Lancaster Gin & Comp. Co. v. Murray Ginning Co., 19 Texas Civ. App., 110; McMonigal v. State, 45 S. W., 1038; Corley v. Renz, 24 S. W., 936; House v. Roberson, 89 Texas, 681; Eason v. Eason, 61 Texas, 226; Washington v. First National Bank, 64 Texas, 6; Illg v. Garcia, 45 S. W., 857.

A decision of the court is not a law, but merely evidence of what the law is, and when it is overruled it is not a change of the law, but a declaration that it never was the law.    Houston & T. C. R. R. v. State, 101 Texas, 333; Houston &. T. C. R. R. v. State, 103 S. W., 449; Storrie v. Cortes, 90 Texas, 291; Higgins v. Bordages, 88 Texas, 458; Willis v. Owen, 43 Texas, 48; Missouri, K. & T. R. R. v. State, 100 S. W., 766, 100 Texas, 420; Central Land Co. v. Laidley, 159 U. S., 109; Lehigh Water Co. v. Easton, 121 U. S., 388; Railway v. McClure, 10 Wall., 511; Bradshaw v. Duluth, 53 N. W., 1066; Allen v. Allen, 95 Cal., 184, 16 L. R. A., 646; Stockton v. Dundee Mfg. Co., 22 N. J. Eq., 56; Bishop on Contracts, sec. 560; Cooley's Const. Lim., sec. 65.

KEY, Associate Justice.—The State brought this suit, seeking to recover penalties on account of the failure of the defendant to keep its water-closets and adjacent depot grounds well lighted in the night-time at Paige, a station on defendant's railroad.

The case is similar in many respects to cases heretofore decided by this court, including San Antonio & A. P. Ry. Co. v. State, 55 Texas Civ. App., 452.    After the testimony closed the trial court instructed a verdict for the State for $3,800, which resulted in a judgment for the State for that amount, and defendant has appealed.

There are only two questions in this case which have not already been decided by this and other courts in former cases, and we shall limit this opinion to the questions referred to.

1.    Notwithstanding the prima facie case made out by the testimony submitted by the State, there was some testimony tending to show that a lamp which the defendant had in its depot cast a light towards and, to some extent, upon the water-closet; and it is contended that such testimony raised an issue or presented a conflict in the evidence, which entitled the defendant to have the jury decide whether or not it had complied with the statute, which required it to keep the water-closet well lighted.    We overrule that contention because the evidence referred to does not show that the light in the depot or station was kept there one hour after the schedule time for departure of trains, as required by the statute.

2.    The time of the omission referred to was from the 12th day of June, 1907, to the 14th day of March, 1908; and it is contended on behalf of appellant that, prior to that time, the Supreme Court had held that the entire statute referred to was unconstitutional and void, and that appellant had the right to and did rely upon that decision as to what constituted the law, and therefore ought not to be required to pay the penalties sued for in this case, although the Supreme Court thereafter changed its ruling and held that the statute referred to was valid in so far as it prescribed penalties for a failure to keep water-

closets lighted. The first of this class of cases that reached the Supreme Court was Missouri, K. & T. Ry. Co. v. the State, 100 Texas, 420, in which the State sought to recover penalties for a failure to construct water-closets, as required by the statute. In that case the Supreme Court, in a somewhat ambiguous opinion, held that, as applied to that case, the statute was unconstitutional, and the case was reversed and dismissed. That case was decided February 20, 1907.

On the 26th of June, 1907, in Houston & T. C. R. R. Co. v. the State, 103 S. W., 450, this court held that so much of the statute as related to keeping water-closets lighted was valid and not unconstitutional; and on February 12, 1908, the Supreme Court in the same case made a similar ruling, and in the course of the opinion used this language:

"In the case of the Missouri, K. & T. Ry. v. State, 100 Texas, 426, we held that by reason of the fact that the act did not prescribe a time in which water-closets should be constructed, and did not allow a reasonable time for doing the work, so much of the act as denounced a penalty for failure to provide such structure was inoperative and void. The decision was clearly limited to this question, and that was all that was decided."

In view of these decisions, we feel compelled to hold that, no matter how much good faith it may have exercised, appellant had no right to assume that the entire statute was void, because the Supreme Court holds in the case just quoted from that it had not so ruled in the case relied on by appellant.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.