MISSOURI, K. & T. RY. CO. OF TEXAS v. STATE.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 22, 1913.· Rehearing Denied Jan. 10, 1914.)

1. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION—ACTION FOR PENALTY.

In an action by the state to recover a penalty from a railroad company for failing to keep the water-closet at its depot, and the grounds adjacent thereto, lighted at night, a charge *held*, when construed as a whole, not erroneous as requiring defendant to keep lighted the toilet and grounds in the daytime as well as at night.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where propositions submitted under an assignment were not germane to the assignment, but raised entirely different questions, the assignment was properly cverruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. RAILROADS (§ 254*)—OPERATION—ACTION FOR PENALTY.

In an action by the state to recover from a railroad company the penalty prescribed for its failure to keep lighted the water-closet at a depot, as required by Rev. Civ. St. 1911, art. 6593, the defense that it had made an honest effort to light it, but trespassers had destroyed the lights, should have been pleaded, that being matter in avoidance.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

4. RAILROADS (§ 254*)—OPERATION—ACTION FOR PENALTY.

Where, in an action by the state to recover from a railroad company the penalty prescribed for its failure to keep lighted the water-closet at a depot, as required by Rev. Civ. St. 1911, art. 6593, the evidence did not show the extent of the railroad's efforts to maintain lights, or how many such lights were destroyed by trespassers, it was not error to refuse to peremptorily instruct for defendant if it had honestly tried to light the premises and trespassers had destroyed the lights. .

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

5. RAILROADS (§ 254*) — OPERATION — STATUTORY REGULATIONS—ACTION FOR PENALTY.

Evidence *held* to show that a railroad company did not keep its depot toilet and grounds adjacent thereto lighted, as required by Rev. Civ. St. 1911, art. 6598.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

6. RAILROADS (§ 254*) — OPERATION — STATUTORY REGULATION—ACTION FOR PENALTY.

In an action by a state to recover from a railroad company the penalty prescribed for failing to keep lighted its depot toilet and grounds adjacent thereto, as required by Rev. St. 1911, art. 6593, it was no defense that, during a part of the time charged, the moon was shining.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Action by the State, to recover a penalty against the Missouri, Kansas & Texas Railway ·Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

A. S. Coke, of Dallas, and John Speer, of Montague, for appellant. Paul Donald and W. W. Alcorn, both of Montague, for the State.

SPEER, J. This is an appeal by the Missouri, Kansas & Texas Railway Company of Texas from a judgment in favor of the state of Texas for a penalty for failure to keep the railroad company's water-closet at the town of Belcher lighted in the nighttime, as required by article 6593, Revised Statutes, 1911.

[1] The first assignment is that the court erred in the fourth paragraph of his charge for the reason under the terms of that paragraph it was necessary for the company to keep its water-closet well lighted in the daytime rather than at night alone, as required by law, and is more onerous upon defendant than required by law. The charge complained of is as follows: "Now if you find and believe from the evidence that the defendant, the Missouri, Kansas & Texas Railway Company of Texas, between the period of January 1, 1911, and June 24, 1912, operated a line of railway through Montague county and that it had its station and depot at Belcher, Tex., and that the schedule time of the arrival of its passenger train there was at any time in the night, and at said station and depot said passenger train stopped and received and discharged passengers, and that during said time they failed and neglected to maintain a water-closet or privy well lighted for a period of 30 minutes before and 30 minutes after schedule time of the arrival of its passenger train, then you will find in favor of the state the sum of $50 for each week said railway company so failed or neglected to keep such water-closet or privy well lighted for said period before and after schedule time for the arrival of its passenger train."

[2] In another paragraph, in defining the duty generally of the defendant, the jury were advised that railroad corporations are required to keep the water-closets and depot grounds adjacent thereto well lighted at such hours in the nighttime as its passengers and patrons of said station may have occasion to be in the same. The charge, when construed as a whole, leaves no reasonable room to doubt that the jury understood appellant was only required to light its water-closet and adjacent grounds in the nighttime. Besides, the propositions submitted under this assignment, which necessarily limit its scope to the questions of law presented in such proposition, are not germane to the assignment, but raise entirely different questions to the one discussed. The assignment, therefore, is overruled.

[3, 4] There was no error in refusing to give the peremptory instruction · to find for the defendant upon the grounds stated in the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

second assignment, to wit, that it had made an honest effort to light its premises, and that trespassers had, from time to time, destroyed the lights. This defense, which was in the nature of an avoidance, was not pleaded, but if the excuse has been pleaded, the most that can be said of the evidence is that it raised such issue, but still was not so conclusive as to demand a summary instruction. The extent of the efforts of the company to maintain lights, or the number of lights broken, was not shown, and we cannot say that the failure of the appellant to maintain lights was due to vandalism or trespassing.

[5, 6] We also overrule assignments complaining that the evidence does not support the verdict. True, this is a penalty case, yet the rule is that the plaintiff is entitled to recover upon a preponderance of the evidence, as in other civil cases. The testimony of the witnesses is to the effect that they visited the premises of the defendant company nearly every night during the period of time covered by the inquiry, and that no lights were maintained at or about the water-closet, and that, if there had been such lights, they could have been seen. While the witnesses do not undertake to testify as to every night during this period, yet their testimony fairly covers the entire time, and the jury were authorized to find that no lights were maintained on those nights when the witnesses were not about the premises. There is no merit in the suggestion that during at least a part of the time for which the recovery has been had the moon shone, and there was therefore no necessity for lights about the water-closet. The Legislature, the members of which, of course, were cognizant of the fact that the moon shines periodically, have not made this a defense or an excuse against the requirements of the statute that the company, and not the moon, is required to light up the premises. Furthermore, unless the water-closet were a roofless one, it is difficult to see how the rays of the moon, however bright, would suffice to light the interior thereof.

There is no error in the judgment, and it is affirmed.