STRICKLAND et al. v. LAKESIDE IRR. CO. (No. 6965.)

(Court of Civil Appeals of Texas. Galveston. March 19, 1915.)

1. STATUTES ⨺64—LEVEES—EFFECT OF PARTIAL INVALIDITY.

Rev. St. 1911, tit. 83, c. 2, §§ 5530–5584, providing for improvement districts and construction of levees by such districts, is not wholly void because section 5569, providing that no county or district nor taxpayers therein shall be held for damages caused by construction, maintenance, or repair of levees or improvements, violates Const. art. 1, § 17, by taking or damaging property for public use without the owner's consent and making adequate compensation, since the remainder of the statute is a useful and important piece of constructive legislation which it would be unreasonable to presume would not have been enacted if it were

known' such section could not be upheld as constitutional.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. ☞64.]

2. STATUTES ☞64—EFFECT OF PARTIAL IN-VALIDITY.

An act will not be held void in its entirety because one section or portion is unconstitutional, unless the void portion is so essential and necessary that it cannot be presumed the act would have been passed without incorporating it therein.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. ☞64.]

3. APPEAL AND ERROR ☞138—PERSONS EN-TITLED TO APPEAL—ATTORNEYS.

Attorneys made defendants in their individual capacities had a right to appeal and have vacated as to them an order for a temporary injunction against all defendants, though, as attorneys for defendants, the injunction against their clients would have bound them also, and they could not have appealed, if they had only been made parties in their capacity as attorneys.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 903, 904, 920, 922; Dec. Dig. ☞138.]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Suit by the Lakeside Irrigation Company against W. S. Strickland and others. From an order granting a temporary injunction, defendants W. S. Strickland and another appeal. Reversed, and judgment rendered vacating the order as to appellants.

Strickland & Wirtz, of Eagle Lake, for appellants. W. L. Adkins, of Columbus, for appellee.

PLEASANTS, C. J. This is a suit for injunction brought by appellee against E. P. Brisbois, Fritz Englehard, J. W. Burns, C. M. Womack, J. J. Mansfield, A. J. Ratliff, Adam Leyendecker, J. F. Sandmeyer, W. J. Wright, W. S. Strickland, and A. J. Wirtz. The substance of the cause of action alleged in the petition is sufficiently stated in appellants' brief as follows:

"Plaintiff alleges: That it is a public service irrigation corporation, created and existing under and by virtue of the laws of Texas. That it is the owner of certain described land in Colorado county, Tex., on which is situated its pumping plant on the east bank of the Colorado river, by which it pumps water from said river and transports it into Eagle Lake, of the bed of which plaintiff owns one-half, as well as lands on the banks of said lake. That, by reason of certain litigation between John H. Kirby and plaintiff, plaintiff is required, by an injunction order, to pump as much water into the lake by reason of its river pumping plant as it takes out of said lake on the opposite side to supply its water consumers. That the said Eagle Lake is a natural pond or lake supplied alone by natural rainfall making its way into the lake by drainage, a large part of which water goes into a natural depression, known as Flag Pond slough, and from Flag Pond slough through a natural channel into said Eagle Lake. That, with plaintiff's property so situated, certain parties therein named (appellants not included) made application for an improvement district under chapter 85, approved March 19, 1909, at page 140 of the Acts of the Thirty-First Legislature. Plaintiff does not set out in detail that all the acts and procedure prescribed by said law have been complied with, but makes no complaint as to such procedure, and alleges that the commissioners' court of Colorado county ordered an election to be held within said improvement district on the 16th day of January, A. D. 1915, to determine whether or not said district shall be established and bonds issued in the sum of $67,500 and taxes levied in payment therefor, and in connection with such allegations makes the order of the court calling such election a part of its petition; and the order recites that all things prescribed by law up to the ordering of such election have been complied with, and orders said election as is provided by law. Plaintiff alleges: That, if said election is held as ordered, a majority of the property taxpaying voters residing in said district would vote to establish said district, and the issuance of the bonds and the holding of such election would result in great and useless expense to plaintiff and other taxpayers of the district. That if said election be held, and the proposed improvements made, as shown by the engineer's report, it will irreparably injure plaintiff in that the said levee will be so constructed as to prevent the natural drainage and rainfall coming into Eagle Lake through Flag Pond slough, which water plaintiff is entitled to by virtue of its ownership of land in the bed of said lake and riparian thereto, and to supply its consumers of water, and that a levee will be so constructed as to cause water from a rise in the Colorado river to back up and come over plaintiff's river pumping plant and flume, injuring and practically destroying the same. That such acts would be a taking of plaintiff's property without compensation and without due process of law. That the law allows the improvement commissioners to lease the levee as a highway and to sell the surplus dirt, material, etc., not needed in the construction of the levees, which is a further confiscation of plaintiff's property."

The prayer of the petition is as follows:

"Wherefore plaintiff says that, said act being unconstitutional under section 17 of article 1 of the Constitution of Texas, it is entitled to an injunction to prevent the threatened injury to its property and destruction of its said franchise, and therefore prays this court for a temporary writ of injunction restraining all of said defendants, and each of them, their agents, servants, employés, and appointees, and all other persons, from holding said election, at the time mentioned or any other time, or from doing any act or thing looking to the establishment of such improvement district or the erection of any improvements therein; and further that all orders of the commissioners' court, made at any time in the proceedings looking to the establishment of said district, be and they are hereby held for naught, and said Mansfield, Leyendecker, Ratliff, Sandmeyer, and Wright, constituting the commissioners' court of Colorado county, Tex., be required by mandatory injunction to rescind all orders passed by said court growing out of the application for said district, and which injunction, upon hearing, plaintiff prays shall be made final and permanent. It further prays for its costs of suit and general relief, either at law or in equity."

It appears from the petition that the defendants Brisbois and Womack are the persons appointed by the commissioners' court as judges, and the defendants Englehard and Burns as clerks, of the proposed election. It does not appear, from any allegation in the petition, that defendants Strickland and Wirtz had anything to do with procuring the order of election, or that they will be in

any way concerned in holding the election, or have any interest therein. We are informed, however, by appellee's brief, that these last-named appellants were attorneys for the officers of the proposed election. This petition was presented to Hon. M. Kennon, judge of the district court of Colorado county, and upon a consideration thereof the prayer for temporary injunction against holding the election was granted. From this order the defendants Strickland and Wirtz have appealed.

It is apparent from the record that the learned trial judge granted the injunction upon the theory that the law under which the election was ordered to be held is unconstitutional.

[1, 2] Appellee contends that the statute under which the proposed election was ordered, which provides for the creation of improvement districts and the construction of levees by such districts, and which is embraced in the Revised Statutes of 1911 as chapter 2, tit. 83, is unconstitutional, because in section 5569 of said statute it is provided that "no county or improvement district, nor the taxpayers therein, shall be held for damages occasioned by the construction, maintenance or repair of levees or other improvements under the provisions of this chapter"; and that this provision authorizes the taking or damaging of private property for public use without consent of the owner and without making adequate compensation therefor, and violates section 17, art. 1, of the Constitution of this state, and renders the whole statute void. In support of this contention, the case of Ft. Worth Improvement District v. City of Ft. Worth (Sup.) 158 S. W. 168, 48 L. R. A. (N. S.) 994, is cited. We do not think the decision in the case cited sustains the judgment of the trial court in this case. All that was decided in that case was that the creation of the proposed levee by the improvement district, in the manner contemplated by it, was properly enjoined, because it would greatly damage, if not destroy, the plaintiff's property, and no provision was made in the statute for payment of compensation by the improvement district, and no offer to pay for such damage was made. The opinion does not hold, nor intimate, that the entire improvement district statute is unconstitutional, because the section above quoted is obnoxious to the Constitution. A legislative act will not be held void in its entirety because one section or portion thereof is unconstitutional, unless the void portion is such an essential and necessary part of the act that it cannot be presumed that the Legislature would have passed the act without having incorporated the void portion therein. State v. Laredo Ice Co., 96 Tex. 461, 73 S. W. 951; Ex parte Dupree, 101 Tex. 150, 105 S. W. 493; Adams v. Waterworks Co., 26 S. W. 1104.

If the section above quoted is eliminated from the statute, the remaining portion of the statute is a useful and important piece of constructive legislation, which it would be unreasonable to presume the Legislature would not have enacted if it had known that the section quoted could not, under the Constitution, be upheld by the courts.

[3] As we have before stated, there is nothing in the record to show that appellants had any connection with or interest in the election sought to be enjoined. The appellee, however, saw fit to make them parties to the suit, and the injunction was granted against them as well as the other defendants named in the petition. Under these facts, appellants had the right to appeal from the judgment and have the injunction against them vacated. We have no doubt that, as stated by appellee, in its brief, appellants were the attorneys for other defendants, and, as such, an injunction against their clients would have been binding upon them; and in such case they not having been made parties to the suit, or, only being made parties in their capacity as attorneys, could not have prosecuted an appeal from the judgment; but having been named as defendants, so far as the record shows, in their individual capacity, they have the right to appeal from the judgment.

From the conclusions above expressed, it follows that the order granting an injunction against appellants should be reversed, and judgment here rendered vacating said order as to them; and it has been so ordered. The injunction is undisturbed as to the defendants who have not appealed.

Reversed and rendered.