BEAUMONT, S. L. & W. RY. CO. v. STATE. (No. 173.)

(Court of Civil Appeals of Texas. Beaumont. April 5, 1917. Rehearing Denied May 9, 1917.)

1. RAILROADS ⬩226 — STATUTES — IMPLIED REPEAL—RAILROAD STATION FACILITIES.
Vernon's Sayles' Ann. Civ. St. 1914, arts. 4528, 4537, 4543, under which railroads may be criminally prosecuted for not maintaining sanitary closets at stations, complements, but does not repeal, Rev. St. 1911, arts. 6592–6594, providing a civil penalty for the same offense.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 740.]

2. TRIAL ⬩350(3)—SPECIAL JURY FINDINGS.
In action under Rev. St. 1911, arts. 6592–6594, against a railroad to recover penalties for failure to maintain sanitary closets at stations, defendant is not entitled to special jury findings specifying what particular weeks it violated the law, where the evidence supports the jury's findings as to the total number of weeks.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 831.]

Error from District Court, Liberty County; J. Llewellyn, Judge.

Action by the State of Texas against the Beaumont, Sour Lake & Western Railway Company. Judgment for the State, and defendant brings error. Affirmed.

See, also, 173 S. W. 641.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error. C. H. Cain and Marshall & Harrison, all of Liberty, for the State.

DAVIS, J. This is a penalty suit, brought by the county attorney of Liberty county, Tex., on January 29, 1913, against the Beaumont, Sour Lake & Western Railway Company, to recover penalties, on account of alleged violations of articles 6592, 6593, and 6594, Revised Statutes of 1911. These articles imposed upon the railroad companies certain duties as to the construction and maintenance of suitable and sanitary waterclosets, and provided for a forfeiture to the state of $50 for every week they failed, neglected, or refused to comply with the provisions of these statutes. The case was tried before a jury, and was submitted to the jury by the trial court on special issues, resulting in a verdict and judgment in favor of the plaintiff; and, motion for new trial having been overruled, the defendant railway company has appealed to this court.

[1] Plaintiff in error assigns as error "that the trial court erred in entering any judgment against the defendant, because the petition states no cause of action, it appearing that the act upon which the suit is based has been, long prior to the trial, superseded and repealed," and urges that articles 4528, 4537, and 4543 of Vernon's Sayles' Texas Civil Statutes 1914, creating the state board of health, and the enaction of the Sanitary Code of Texas (Vernon's Sayles' Ann. Civ. St. 1914, art. 4553a), leaves no room for doubt that articles 6592, 6593, and 6594 of the Revised Statutes of 1911 have been completely superseded and repealed. With this contention we do not agree, and it is our opinion that the law creating the state board of health, and the creation of the Sanitary Code of Texas, are merely complementary of the act under which this suit was brought, and its purpose was to add additional and different remedies to matters pertaining to railway depots and closets not provided for in this act, and prescribing penalties for a violation thereof. There is no expression on the part of the Legislature to abrogate or repeal these articles of the statute by the enactment of the laws creating the state board of health and the Sanitary Code of Texas. The Sanitary Code created a criminal responsibility by making a violation of it a misdemeanor, punishable by a fine of not less than $10 nor more than $1,000, while the act under which this suit was brought provided

a penalty recoverable in a civil suit, and in no wise affected by a criminal prosecution under the law last enacted. Parshall v. State, 62 Tex. Cr. R. 177, 138 S. W. 759; Berry v. State, 69 Tex. Cr. R. 602, 156 S. W. 626; Cole v. State, 106 Tex. 472, 170 S. W. 1036; Ex parte Keith, 47 Tex. Cr. R. 283, 83 S. W. 683; Braun v. State, 40 Tex. Cr. R. 236, 49 S. W. 621; Conley et al. v. Daughters of the Republic et al., 106 Tex. 80, 156 S. W. 197, 157 S. W. 937; Ex parte Francis, 72 Tex. Cr. R. 304, 165 S. W. 147; McFarlane v. Westley, 186 S. W. 261.

Plaintiff in error, defendant below, neither by pleadings, proof, nor in its motion for new trial, raised the question now presented to us under its first assignment of error, and urges that it was not necessary to do so, because, the act under which this suit was brought having been abrogated and repealed by what it terms the "new act," it was fundamental error to render judgment in favor of the state on the pleadings in this case. It will not be necessary to pass on this question, since we hold that the "new act," as designated by plaintiff in error, does not abrogate or repeal the act under which this suit was brought.

[2] We do not think the contentions of plaintiff in error, as presented in its second and third assignments of error, are well taken. The evidence conclusively shows that plaintiff in error for a period of 69 weeks failed, neglected, and refused to keep its water-closets in a sanitary condition, as provided by the statute under which this suit was brought. It is true that defendant in error sued to recover penalties of $50 per week for 104 weeks, amounting in the aggregate to the sum of $5,200, and the proof shows that the water-closets of plaintiff in error were in an unsanitary condition for practically all of this time; yet there was proof on the part of the defendant that at different times these closets were put in such sanitary condition as the law required, and the jury, taking all the proof, unquestionably tempered the verdict with mercy in finding only 69 weeks, and we do not think there was error on the part of the court in refusing to require the jury to specify just what weeks, out of the 104 weeks, the defendant was guilty of failure, neglect, and refusal to keep its closets in that sanitary condition required by law. That it failed, neglected, and refused to keep its water-closets in that sanitary condition as required by law for as much as 69 weeks, covering part of the time alleged in plaintiff's petition, is as certain to our minds as evidence can make it, and for defendant now to say that, although this may be true, yet it is entitled to a finding of the jury as to just what weeks it failed to comply with the law, appears to us to be ridiculous, and we are of the opinion that the evidence is sufficient for a basis for a finding by the jury of any of the weeks included in plaintiff's petition.

This is the second appeal of this case. The first appeal was decided by the Court of Civil Appeals at Galveston, in which the case was reversed and remanded, and is reported in 173 S. W. at page 641.

There being no error in the trial of this case, we are of the opinion the same should be affirmed; and it is so ordered.

Affirmed.