## FORT WORTH & D. C. RY. CO. v. STATE.*
### (No. 2488.)

(Court of Civil Appeals of Texas. Amarillo. May 6, 1925. Rehearing Denied June 3, 1925.)

**1. Railroads ⬡226—Statutes ⬡47—Law requiring erection and maintenance of toilet facilities by railroad held not invalid.**

Law requiring railway to provide suitable and seperate water-closets, for both male and female persons, and maintain them in well-lighted condition, and providing penalty for failure to do so, *held* not unconstitutional as indefinite, uncertain, discriminatory, arbitrary, unjust, and unreasonable, or as making no allowance for fires, accidents, acts of God, or other unavoidable causes.

**2. Constitutional law ⬡241, 297—Law requiring erection and maintenance of toilet facilities by railroads held not violative of Fourteenth Amendment of federal Constitution.**

Law requiring railroad to erect water-closets and maintain them in well-lighted condition, providing penalty for failure to do so, *held* not violative of Fourteenth Amendment of federal Constitution.

**3. Railroads ⬡254(6)—Proceeding to enforce penalty held properly instituted, under statute, by county attorney on sufficiently credible information.**

In an action against railroad for penalties for failure to erect and maintain proper water-closets, *held* that, allegations of petition disclose county attorney had necessary information which was sufficiently credible, as shown by judgment of trial court, to institute proceedings for recovery of penalties, pursuant to article 6594, Vernon's Sayles' Ann. Civ. St. 1914.

**4. Evidence ⬡83(4)—Presumed county attorney did not exceed authority in bringing suit pursuant to statute.**

Article 6594, Vernon's Sayles' Ann. Civ. St. 1914, affirmatively authorizing county attorney to bring suit to recover penalties from railroad for noncompliance with water-closet law, it will be presumed county attorney did not exceed authority in bringing suit, and if power to do so depend on contingency, such contingency will be presumed.

**5. Railroads ⬡254(6)—Unnecessary to show violation of all acts denounced by statute to recover statutory penalty.**

In an action against railroad for penalty for noncompliance with water-closet law, it is not necessary to show defendant was guilty of all acts denounced by statute to recover statutory penalty.

**6. Commerce ⬡58—State statutes requiring erection and maintenance of water-closets by railroad held not burden on interstate commerce, or superseded by federal law.**

State statute requiring erection and maintenance of water-closets by railroads *held* not intended to interfere with or place burden on interstate commerce, and any burden resulting thereto by its enforcement is incidental, and does not supersede police power of state without more explicit federal legislation by Congress.

**7. Railroads ⬡254(6)—Evidence held to support judgment against railroad for violation of water-closet statute.**

In an action for violation of sections 6592, 6593, Vernon's Sayles' Ann. Civ. St. 1914, in failing to provide separate water-closets for men and women, and to keep them in well-lighted condition, evidence *held* sufficient to support judgment for state, in view of circumstances and testimony in case.

**8. Appeal and error ⬡1071(3)—Finding not harmful to appellant not grounds for reversal whether supported by evidence or not.**

In an action against railroad for noncompliance with water-closet law, where court made finding of noncompliance with law from March 11, 1922, to November 8, 1923, but did not base its judgment thereon, whether such finding was supported by evidence or not, reversal of case would not be required, inasmuch as railroad company was not injured thereby.

Appeal from District Court, Clay County; Bruce Young, Judge.

Action by the State of Texas against the Fort Worth & Denver City Railway Company. From a judgment for the State, defendant appeals. Affirmed.

Thompson, Barwise & Wharton and Seth Barwise, all of Fort Worth, Turner, Dooley & Gibson, of Amarillo, and Taylor, Muse & Taylor and J. L. Lackey, all of Wichita Falls, for appellant.

Wantland, Dickey & Glasgow, Vincent Stine, and R. Loftin, all of Henrietta, for appellee.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused November 4, 1925.

JACKSON, J. The state of Texas, by the county attorney of Clay county, on the 8th day of November, 1923, filed this suit in the district court of said county against the Fort Worth & Denver City Railway Company.

. The state alleges:

That the company is a railroad corporation, duly and legally incorporated under the laws of the state of Texas, owns and operates a railroad in Texas from Fort Worth, in Tarrant county, to Texline, in Dallam county, and in and through Clay county and the town of Jolly, situated in Clay county, for the transportation of passengers, and has and uses a passenger station and depot in said town.

That from March 31, 1920, to November 8, 1923, a period of 187 consecutive weeks, the company operated its railroad through the town and had and used a passenger station and depot in said town, but had not, during such time, constructed, maintained, and kept suitable and separate water-closets or privies for both male and female persons at said passenger station in Jolly, either within said depot or in connection therewith, or within a reasonable and convenient distance therefrom, to accommodate its passengers received on and discharged from its trains at said station, and its patrons and employees having business with the company at the station.

That the company has not constructed and maintained or kept any separate or suitable water-closets or privies for both male and female persons at its passenger station in Jolly within the depot in connection therewith, or within a reasonable and convenient distance therefrom, for the accommodation of its passengers received on and discharged from its trains at said station, and for the accommodation of its patrons and employees who have business with the company at such station, but only constructed, maintained, and kept a water-closet or privy with two compartments, separated by a thin partition, all under the same roof, and no sign is displayed by which a party can tell which compartment is for males and which is for females, but both must be used indiscriminately, and this does not constitute a separate and suitable water-closet or privy for both males and females.

That if it should be held that the company has constructed, maintained, and kept separate water-closets and privies for both male and female persons at the station of Jolly, then the state alleges that for the 187 weeks above specified the company has not kept said water-closets or privies, and the depot grounds adjacent thereto, well lighted at such hours in the nighttime as its passengers and patrons have occasion to be at the station for the purpose of taking passage on the company's train, or waiting for its arrival, or after its departure, for a period of at least 30 minutes before the time of its arrival and 30 minutes thereafter.

That at its said station at Jolly the company has had passenger trains arriving during said 187 weeks, both in the daytime and in the nighttime, and received on and discharged passengers from its trains both day and night for said period of 187 weeks.

The state prays for the penalty provided by the statute of $50 per week for the 187 weeks.

The company answered by general demurrer, a number of special exceptions, general denial, not guilty, admits that it is a common carrier, and alleges that it is engaged in interstate commerce, carrying passengers and freight for hire, and subject to and under the acts of congress, and during the time involved in this controversy the depot, toilets, grounds, buildings, and structures mentioned were used in connection with its interstate business; that the statutes of Texas relied on for recovery have been superseded by legislation of Congress, and the state is not entitled to recover.

The company further alleges, if it be true that its water-closets were not lighted as the law requires, it was not the fault of the railroad, for it had in good faith used its best efforts to keep said water-closets lighted, and did equip them with lights as required, but transient people, laborers, and criminals at and around Jolly, whom the company did not and could not know, broke and destroyed the lights with which the water-closets and depot grounds were lighted, on account of which the company was unable to keep and maintain said water-closets and depot grounds lighted, for which reason the state was not entitled to recover.

No jury was demanded, and the court at the conclusion of the evidence rendered judgment for the state of Texas, hereinafter called appellee, for the sum of $3,000 and costs from which judgment the company, hereinafter called appellant, has appealed.

[1, 2] Appellant, by proper assignments, attacks the constitutionality of the law on which the right of recovery is based, and says the court committed error in rendering judgment against it because such law is too indefinite and uncertain, is discriminatory, is arbitrary, unjust, and unreasonable, makes no allowance for fires, accidents, acts of God or other unavoidable causes, and is in violation of the Fourteenth Amendment to the federal Constitution. These contentions of appellant have heretofore been decided against it in the following authorities: State v. T. & P. Ry. Co., 106 Tex. 18, 154 S. W. 1159; Id. (Tex. Civ. App.) 143 S. W. 223; M. K. & T. Ry. Co. of Texas v. State (Tex. Civ. App.) 97 S. W. 720; Allen y. Texas & Pacific Ry. Co., 100 Tex. 525, 101 S. W. 792; H. & T. C. Ry. Co. v. State, 101 Tex. 333, 107 S. W. 525; Strickland et al. v. Lakeside Irr. Co. (Tex. Civ. App.) 175 S. W. 740; C., R. I. & G. Ry. Co. v. State of Arkansas, 219 U. S. 453, 31 S Ct. 275, 55 L. Ed. 290; St. Louis, I. M. & S. Ry. Co. v. State of Arkansas, 240 U. S. 518,

36 S. Ct. 443, 60 L. Ed. 776; Chicago & A. R. Co. v. Tranberger, 238 U. S. 67, 35 S. Ct. 678, 59 L. Ed. 1204.

[3] Appellant assigns as error the action of the trial court in rendering judgment against it, because the proof failed to show, and the petition of appellee to which it excepted failed to allege, that the county attorney was directed by the Attorney General of the state to bring the suit, or that it was instituted on credible information furnished him. Article 6594, of Vernon's Sayles' Civil Statutes, 1914, among other things, provides:

"The county attorney of the county in which such station is located, and in case there is no such county attorney, then the attorney for the district including said county, shall, upon credible information furnished him, institute suit or suits in the name of the state of Texas against such defaulting railroad or railway corporation for the recovery of said penalties."

The Legislature, by this language, affirmatively authorizes the county attorney to institute a suit or suits to recover the penalties provided for on an infraction of this law, and evidently intended that he, for the benefit of those it purposes to protect, should discharge the duty thus imposed voluntarily, but in the event he fails to so discharge such duty, to make it imperative for him to institute suit or suits when furnished with credibile information of the infraction of the law.

The allegations of the petition disclose that the county attorney had the necessary information, and the judgment of the trial court is sufficient to show that he considered the information credible.

[4] This article of the statute affirmatively authorizing the county attorney to bring the suit, the presumption is that in so doing he did not exceed his authority, but if his power to act depended on some contingency, in the absence of a contrary showing, the contingency is presumed to have happened. City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Sanders State Bank v. Hawkins (Tex. Civ. App.) 142 S. W. 84; Slaughter v. Cooper, 56 Tex. Civ. App. 169, 121 S. W. 173.

[5] Appellant asserts by proper assignments that, for appellee to recover, under the law it is necessary to show that appellant was guilty of all the acts denounced by the statutes, and, inasmuch as the water-closets were kept in a sanitary condition, there was no punishable violation, and error was committed in rendering judgment against it. This contention has been heretofore decided adversely to appellant. H. & T. C. Ry. Co. v. State (Tex. Civ. App.) 103 S. W. 449.

[6] Appellant assigns as error the action of the trial court in failing to render judgment in its behalf, because the evidence shows that the company was engaged in interstate commerce during all the time for which recovery was had, and the acts of the state of Texas, which are the basis of appellee's suit, have been superseded by the federal law.

275 S.W.—8

It is manifest that, in passing what is known as the water-closet law, the Legislature of the state did not intend to interfere with, or to place a burden upon, interstate commerce, and that any burden resulting thereto by the enforcement of the state law is merely incidental, and not so considerable as to supersede the police power of the state without more explicit legislation by the federal Congress. 12 C. J. pars. 91 to 96, inclusive; C., R. I. & G. Ry. Co. v. State of Arkansas; St. Louis, I. M. & S. Ry. Co. v. State of Arkansas; and the Chicago, A. & R. Co. v. Tranberger, cited supra.

[7] Appellant's other assignments challenge the action of the trial court in entering judgment against it because the evidence is insufficient to show a violation of article 6592 of Vernon's Sayles' Civil Statutes, and insufficient because too indefinite to show a violation of article 6593 of said statutes, and because the testimony discloses that appellant did the best it could to keep lights on the water-toilets, but that other parties broke and destroyed said lights.

The court filed findings of fact to the effect that appellant is a railway corporation operating a railroad through the town of Jolly, in Clay county, Tex., for the transportation of passengers, and maintained and used a passenger station, and had an agent at Jolly during the time for which a recovery was permitted, and that appellant had and used a water-closet or privy, consisting of a building with two compartments under the same roof, separated by wooden partition, with doors opening into each compartment, which was 189 feet from the waiting room of the station; that outside of the toilet, and between the two compartments, was a wall built at right angles to the front wall of the privy, and joined to this wall was another wall parallel to the front of the privy, and these two constituted a blind 6½ feet high, but that there were no signs that could be seen at night distinguishing one compartment from the other, as for male or female, and that no other water-closet or privy was kept at, within, or in connection with the depot. One-half of the time the two compartments were locked, and one, whether male or female, who desired to use the toilet, had to ask the agent for the key. At night the agent was at home, and had the key with him. On a pole about 6 feet high on the opposite side of the depot, from which the toilet could not be seen, was one light, and on the outside of the parallel wall of the blind and about 6 inches below the top was another light, and these were the only lights outside of the station. The lights inside the station could not be seen from the toilet, and there were never at any time any lights inside of either of the compartments to the toilet, and the outside lights, when burning, did not light the inside of the compartments. These findings are not controverted.

The court found that none of the outside lights were burning at any time in the night for a period of 60 weeks between March 11, 1922, and November 8, 1923, and, manifestly, the amount of the judgment entered is based on this finding, which appellant attacks on account of the uncertainty of the testimony.

The only witness in the case was the depot agent of appellant, who testified that he had been living at Jolly in the employ of appellant, as agent, since March 11, 1922, and that during that period lights had been put on the privy at two times, once soon after March 11, 1922, which stayed there, in his judgment, anywhere from a week to a month or so, and the second light put up stayed there possibly two months, and outside of these two times there had been no light on the toilet. From March 11, 1922, to November 8, 1923, is a period of 86 weeks, and, in entering a judgment for but 60 weeks the court made sufficient allowance for the time lights were kept up, and for the efforts of appellant to keep its toilets and depot grounds well lighted.

[8] The court found that appellant did not maintain suitable and separate water-closets for both male and female persons in the town of Jolly, as the law requires, from March 11, 1922, to November 8, 1923, but he did not base his judgment on such finding for the recovery is only $3,000, or for 60 weeks at the penalty prescribed by the statute, and whether this finding of the court that appellant did not maintain suitable and separate toilets, as the law requires, for the entire time from March 11, 1922, to November 8, 1923, was supported by the evidence or not, would not require a reversal of the case, for appellant was not injured by such finding.

The court found that during the same period appellant had scheduled passenger trains arriving at its said station in Jolly both in the daytime and in the nighttime, and received on and discharged passengers from its trains at the station both day and night.

On this issue, the witness testified that appellant had been stopping its trains during the time he had been there, taking on and putting off passengers in the nighttime, and that it had trains for that purpose.

Under all the circumstances and testimony in the case, we are not disposed to hold that the evidence was insufficient to sustain the judgment of the court. San Antonio & A.

P. Ry. Co. v. State, 55 Tex. Civ. App, 452, 120 S. W. 1077; H. & T. C. Ry. Co. v. State, 56 Tex. Civ. App. 121, 120 S. W. 1078; M. K. & T. Ry. Co. of Texas v. State (Tex. Civ. App.) 163 S. W. 338; Beaumont, S. L. & W. Ry. Co. v. State (Tex. Civ. App.) 194 S. W. 959; Vernon's Sayles' Ann. Civ. St. 1914, arts. 6592, 6593, and 6594.

Appellee urges as fundamental error the failure of the trial court to render judgment for the entire time from March 11, 1922, to November 8, 1923, because of his finding that during said time appellant failed to construct, keep, and maintain separate water-closets as the law requires. The trial court having determined the amount for which he would award the state judgment on the testimony offered and on his findings, we will not interfere therewith.

Finding no reversible error in the record, the judgment is affirmed.