T. M. CAMPBELL, RECEIVER, ET AL., v. J. M. COOK.

No. 123.

**1. Petition—Negligence.**

An employe sued the receiver of a railway company, alleging that the conductor was incompetent, and so known to be by the defendant, and that plaintiff was ignorant. and consequent injuries from negligence of the conductor. *Held*. that a general demurrer was properly overruled, although the petition disclosed that the plaintiff and conductor were fellow servants ............................................... 632

**2. Pleading Specific Injuries.**

A general allegation of damages will let in evidence of such damages as naturally and necessarily result from the wrongs charged, but to admit proof of injuries which do not necessarily result from the injury alleged, the petition must allege the particular effects claimed to have followed the injury. See example ................................... 632

**3. Fellow Servants, Law Constitutional.**

The Act of March 10, 1891 (Laws of Twenty-second Legislature, chapter 24), entitled "An act to define who are fellow servants, and who are not fellow servants," is constitutional. It applies to all railways doing business in the State; all who are affected by the act are under the same conditions. Nor does the title embrace two subjects. There is but one subject, which is expressed in the affirmative and negative form ................................................................. 633

**4. Subjects.**

The word *subjects* as used in the Constitution is not synonymous with *provisions* ......................................... ... 634

**5. Railway Corporations—Receivers.**

In the said Act of March 10, 1891, defining who are fellow servants, the term " railway corporations" does not mean or include " receivers of railway corporations." This meaning is clear, and courts can not disregard it or add to it ..................................................... 635

**6. Fellow Servants.**

It not being alleged or shown that a railway conductor had authority to employ or discharge brakemen, they—that is the brakemen and conductor on the same train—are fellow servants ...................... 635

ERROR to Court of Civil Appeals for First District, in an appeal from Anderson County.

*John M. Duncan*, for plaintiffs in error.—1. The law of March 10, 1891, was unconstitutional, in that it embraces more than one subject, contrary to article 3, section 35, of the State Constitution. First, it defines and declares who are vice principals; second, it defines and declares who are fellow servants; third, it provides that certain contracts shall not be valid and binding; but one of which subjects is expressed in its title, towit, "An act to define who are fellow servants and who are not fellow servants."

2. The act seems to be in clear violation of article 14, section 1, last clause, of the Constitution of the United States, in that it denies the equal protection of the laws to all corporations employing servants and to the employes of all corporations, and so constitutes class legislation.

3. The court erred in allowing appellee, over objections, to prove want of capacity for sexual intercourse arising from his injuries, when such result of his injuries was not alleged. It can not be said that this incapacity was the necessary result from the act complained of. Railway v. Curry, 64 Texas, 85; Cumming & Geisler v. Stevenson, 76 Texas, 642; Cotter, Truelove & Co. v. Parks, 80 Texas, 539.

*W. S. Holliday* and *S. A. McMeans*, for defendant in error.—1. A general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of. Railway v. Curry, 64 Texas, 85; So Relle v. Tel. Co., 55 Texas, 308; 2 Sedg. on Dam., 606; 1 Suth. on Dam., 763; 1 Chit. on Plead., 395.

2. A receiver operating a railway is answerable in his official capacity for any injury resulting from the negligence of himself or the negligence of coservants, in all cases when the railway company itself, if operating the road, would be liable. Wood on Mast. and Serv., 789; Pierce on Rys., 285; Mearas v. Holbrook, 5 Am. Rep., 663; 3 Wood's Ry. Law, 1492; Beach on Rys., sec. 760; Beach on Rec., secs. 717, 818, 723, 724; High on Rec., sec. 395.

3. Laws public in their objects and general in their application to the class to which they apply are not unconstitutional on the ground of class legislation; neither do they deny to subjects coming under their provisions the equal protection of the law. Railway v. Ellis, 18 S. W. Rep., 723; Railway v. Ceiber, 19 S. W. Rep., 618; Humes v. Railway, 52 Am. Rep., 369, 375; Cool. on Const. Lim., 4 ed., *488, *489, *490.

BROWN, Associate Justice.—J. M. Cook sued T. M. Campbell, then receiver of the International & Great Northern Railroad Company, alleging that on the 10th day of November, 1891, plaintiff was in the employ of the said receiver as a brakeman; that it was a part of his duty to uncouple and couple cars, and to remove coupling pins when necessary for that purpose. That I. McNeill was also in the employ of the receiver as conductor of the train on which plaintiff was working, and that said McNeill had the control and direction of the plaintiff and the said crew, whose duty it was to obey his orders. Petition proceeds to set out the management of the cars on that occasion which brought about the injury complained of, and that when injured he was in the discharge of the duty assigned to him by the conductor, and in obedience to his orders. Facts

are alleged showing that the conductor was negligent, and that the injury was the result of his negligence.

The injuries received are alleged as follows: " Breaking and crushing the bones of his hip and thigh; tearing, cutting, and lacerating his flesh; bruising, wounding, and injuring him in his back, bowels, hips, legs, and in other parts and members of his body." Plaintiff alleged, that from the said injuries he had suffered and would continue to suffer great mental anguish and physical pain; that the injuries are permanent, destroyed the use of one leg, and that his capacity to labor and earn money is almost entirely destroyed.

The petition also alleged, that the conductor in charge of the train was. unskilled, unfit, and incompetent to discharge the duties of conductor, which was known to the defendant, or could have been known by due care, and was not known to the plaintiff.

The amended petition, upon which the parties went to trial, alleged that the receiver had been discharged and the property returned to the corporation, the International & Great Northern Railway Company, which is made party defendant.

The receiver filed a general demurrer, general denial, and special answer, setting up that plaintiff's injuries were caused by the negligence of a fellow servant. The railway company adopted the answer of the receiver, repeating the special answer.

The court overruled the demurrer; and upon trial before a jury judgment was given for plaintiff, from which appeal was taken, and it was. affirmed by the Court of Civil Appeals.

The court did not err in overruling the demurrer, because the petition alleged that the conductor was incompetent to discharge the duties to which he was assigned, and that the defendant knew the fact, or might have known it by due care and diligence, and that plaintiff did not know of such incompetency. This was good on general demurrer, and although the other allegations might show the conductor to be a fellow servant,. defendant would be liable if guilty of negligence in employing an incompetent person for such a place, whose negligence caused the injury.

At the trial the court permitted the plaintiff, over the defendant's objections, to testify, that " his capacity to have sexual intercourse with his. wife was greatly impaired;" to which the defendant objected, " because there was no allegation in the petition which would authorize the admission of such evidence, and because the petition does not claim such damages." It is well settled in this State, that a general allegation of damages will let in evidence of such damages as naturally and necessarily result from the wrongs charged; but to admit proof of damages which do not necessarily result from the injury alleged, the petition must set up the particular effects claimed to have followed the injury. Railway v. Curry, 64 Texas, 87. The object of pleading is to notify the opposite

party of what it is expected to prove on the trial. In this case there was no injury alleged to have been inflicted upon any organ or member of the body from which such "impairment" would *naturally*, not to say necessarily, follow. The court erred in admitting the evidence.

The judge of the District Court charged the jury, in substance, that if the conductor of the train on which the plaintiff was employed as brakeman was by the defendant entrusted with the direction and control of plaintiff in the discharge of his duties as brakeman, and if plaintiff's injuries were caused by the negligence of the conductor while engaged as such, plaintiff could recover from the defendants for such injuries. The defendants asked the court to charge the jury to the contrary of this proposition, which was refused. The giving of the charges by the court and refusing those asked by defendants are assigned as error.

On the 10th day of March, 1891, the Legislature passed the following act:

"*An act to define who are fellow servants and who are not fellow servants.*

" Section 1. Be it enacted by the Legislature of the State of Texas: That all persons engaged in the service of any railway corporation, foreign or domestic, doing business in this State, who are entrusted by such corporation with the authority of superintendence, control, or command of other persons in the employ or service of such corporation, or with the authority to direct any other employe in the performance of any duty of such employe, are vice principals of such corporations, and are not fellow servants with such employe.

" Section 2. That all persons who are engaged in the common service of such railway corporation, and who while so engaged are working together at the same time and place to a common purpose, of same grade, neither of such persons being entrusted by such corporation with any superintendence or control over their fellow employes, are fellow servants with each other; provided, that nothing herein contained shall be so construed as to make employes of such corporations fellow servants with other employes of such corporations engaged in any other department or service of such corporation. Employes who do not come within the provisions of this section shall not be considered fellow servants."

The third section is not material to the decision of this case.

The plaintiff in error claims that this act is void, because:

First. It deprives railroad companies of the equal protection of the laws, in this, that it does not apply to all other common carriers, and is therefore in conflict with section 1 of the Fourteenth Amendment to the Constitution of the United States.

Second. That it contains more than one subject, and is therefore violative of section 35 of the third article of the Constitution of this State.

This law applies equally to each and every railroad doing business in the State, and in no respect does it discriminate against any particular railroad company. "When legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them the equal protection of the laws, if all persons brought under its influence are treated alike under the same conditions." Railway v. Mackey, 127 U. S., 209; Mining Co. v. Pennsylvania, 125 U. S., 189; Express Co. v. Seibert, 142 U. S., 353; Railway v. Gibbes, 42 U. S., 391; Electric Lines v. Squire, 145 U. S., 175.

In Railway v. Mackey, supra, the court had under consideration a law upon the same subject and under like objections as in this. In Kansas a law was enacted which made all railroad companies liable for injuries received by an employe through the negligence of a fellow servant. The law applied to none but railroad corporations. The Supreme Court of the United States sustained the law, and said: "The hardship or injustice of the law of Kansas of 1874, if there be any, must be relieved by legislative enactment. The only question for our examination, as the law of 1874 is presented to us in this case, is whether it is in conflict with clauses of the Fourteenth Amendment." The objection applied to the act of our Legislature is not better framed than in that case, and is without merit.

The second objection to the law is less tenable than the first. There is but one subject embraced in the law, which is in the title expressed in the affirmative and negative form. To define who are fellow servants necessarily defines who are not fellow servants, and there is no soundness in the proposition that this act contains two subjects in its title or in its provisions. The word subjects, as used in the Constitution, is not synonymous with "provisions." Tadlock v. Eccles, 20 Texas, 793.

The last and most important question is, does the language of the act include receivers of railway companies? It is clear that the words "railway corporations" do not mean "receivers of railway corporations." How then is the construction to be arrived at that will embrace such receivers in the provisions of the act? Grant that the Legislature intended to embrace receivers, but failed to use apt words to express that intention. Can the court import into the statute a case omitted from it by the Legislature, even by accident? How can the court determine that it was not intentionally omitted?

In Sutherland on Statutory Construction, section 430, it is said: "Liberal construction is given to suppress the mischief and advance the remedy. For this purpose, as has already been said, it is a settled rule to extend the remedy as far as the words will admit, that everything may be done in virtue of the statute in advancement of the remedy that can be done consistent with any construction. Where its words are plain and clearly define its scope and limit, construction can not extend it; or

where the language is so explicit as to exclude any reasonable inference that such extension was intended.''

Lord Brougham said: ''If we depart from the plain and obvious meaning, we do not construe the act, but alter it. We supply a defect which the Legislature could easily have supplied, and are making the law, not interpreting it.''

In Turner v. Cross and Eddy, 83 Texas, 224, Chief Justice Stayton expressed the same rule in this clear and forcible language: ''It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may be, or whatever may seem to be its omissions, courts can not on such considerations by construction restrain its operations or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government.''

It is unnecessary to multiply authorities upon this question. The law is valid, is expressed in plain words, and must be taken and enforced by the courts according to its terms. The Legislature has since amended it, but that does not affect it as applicable to this case.

In the two sections of the statute quoted above, the employer whose liability is enlarged is mentioned eight different times, in various connections, and each time the language used is ''railway corporations'' or ''such corporations,'' referring to railway corporations, as used before. In no part of the act is there a word which indicates that any other than railway corporations were intended. This language can not be so changed as to embrace an officer of the court, who is in no sense a corporation, because the reasons for the law apply equally to both. To supply the word ''receiver'' in one place would not answer the purpose, if that were allowable, which it is not; but it must be supplied in eight different places, and with reference to the various conditions in which the employer is related to the employe.

Counsel refer to Holy Trinity Church v. United States, 143 United States, 465, to support the construction contended for; but in that case the words ''labor'' and ''service'' were used, which in its broadest sense would include the services of a rector. The court there determined that Congress did not use the words in this sense, and gave to them the meaning commonly applied, which was consistent with the recognized rules of construction.

The District Court erred in its instructions given to the jury and in refusing those asked by defendant.

Defendant in error claims that because the conductor had superintendence and control over the brakeman he was not a fellow servant, independent of the statute. It is not alleged in the petition nor found as a fact, that the conductor had authority to employ and discharge brakemen. According to the rules laid down in the decisions of this court, the

plaintiff and the conductor upon the same train were fellow servants in the state of facts set up in plaintiff's petition.

The judgments of the District Court and the Court of Civil Appeals. are reversed, and this case is remanded to the District Court for further proceeding herein.

*Reversed and remanded.*

Delivered April 26, 1894.