### State of Texas v. Texas & Pacific Railway Company.

#### No. 2362.   Decided March 26, 1913.

**1.—Constitutional Law—Railroads—Water Closets.**

The Act of March 20, 1909, Laws, 31st Leg., p. 175, requiring railroads to erect, maintain and light water closets at passenger stations is not such legislation as is forbidden by the Fourteenth Amendment to the Constitution of the United States, as denying the equal protection of the law. If held applicable to railroad corporations only, it embraces all who, in this State, follow the business of transporting passengers on railroads. (P. 21.)

**2.—Same.**

The railroad water closet law (Act of March 20, 1909, Laws, 31st Leg., p. 175) embraces in its terms both railway corporations and railroads, the latter word being used in its popular sense and including all persons other than corporations owning or operating lines of railway. (Pp. 21, 22.)

**3.—Same—Operation by Receivers.**

While it is doubtful if the penalties of the railroad water closet law (Act of March 20, 1909) are enforcible against receivers, they not being specially mentioned, the law is not for that reason violative of the Fourteenth Amendment to the Federal Constitution. The road in such case being operated by the court, and the receiver merely its officer, his relation to it differs from that of a proprietor, and supports a different classification in penal statutes. (P. 22.)

**4.—Constitutional Law—Uncertainty of Statute.**

The railroad water closet law (Act of March 20, 1909) is not violative of the Fourteenth Amendment of the Federal Constitution or of section 19 of the Bill of Rights in the Constitution of Texas because of the indefiniteness or uncertainty of its terms. The requirements of the statute present no difficulty to the understanding and should present none in its observance. (P. 22.)

**5.—Constitutional Law—Costs—Exemption of State.**

The exemption of the State from liability for costs in an action given by statute is based on its sovereign character and is not a denial of the equal protection of the law to those upon whom the Act operates. (Pp. 22, 23.)

Questions certified from the Court of Civil Appeals for the Eighth District, in an appeal from Howard County.

*R. H. Debenport* (*R. N. Gresham*, of counsel), for appellant.

*Douthit & Smith* (*W. L. Hall*, of counsel), for appellee.—The law applies to "corporations" only and does not apply to individuals, co-partnerships, receivers, trustees or associations that are or might be performing identically the same character of service, with the same kind of instrumentalities, under identically the same general conditions, there being no reasonable basis in fact for the classification and imposition of duties and penalties upon such "corporations" only. · Beaumont Traction Co. v. State, 122 S. W., 615; M., K. & T. Ry. Co. v. Braddy, 135 S. W., 1059; Giozza v. Tiernan, U. S., 37 La. Ed., 599; Partado v. California, U. S., 42 La. Ed., 780; G., C. & S. F. v. Ellis, U. S., 41 La. Ed., 666; Barbier v. Connolly, U. S., 28 La. Ed., 923; Connolly v. Union Sewer Pipe Co., U. S., 46 La. Ed., 679; Pullman Co. v. State, 64 Texas, 274; Seaboard Air Line Ry. Co. v. Simon, 20 L. R. A., 126; Bedford Quarries Co. v. Bough, 14 L. R. A., 418; Bowman v. Lewis, U. S., 2 La. Ed., 992; Pac. Mut. L. Ins. Co. v. Van Fleet, 107 Pac., 1087.

That the act in question would not apply to a receiver, association or an individual operating a railway in Texas. Turner v. Cross, 83 Texas, 218, 18 S. W., 578; United States v. Harris, U. S., 44 La. Ed., 780. ·That an individual or a partnership may own and operate a railroad. Henderson v. Ogdon City ·Ry. Co., 26 Pac., 286; In re Kerr, 42 Barb. (N. Y.), 119; Bank of Middlebury v. Edgerton, 30 Vt., 182; Stewart's Appeal, 56 Pa. St., 413.

That the law would not apply to a traction or interurban company. United States v. B. N. O. S. W. Co., 33 Sup. Court Reporter, p. 5.

That the classification of "corporations" as such who may be engaged in a particular line of business is not proper under the equal protection clause of the Constitution of the United States. Johnson v. Mining

Co., 47 L. R. A., 339; Cotting v. Goddard, U. S., 46 La. Ed., 105; Seaboard Air Line v. Simon, 16 Am. & Eng. An. Cases, 1234; Ballard v. Miss. Cotton Oil Co., 62 L. R. A., 407.

Said act violates said provision of the Constitution of the United States and section 13 of the Bill of Rights of the Constitution of the State of Texas, in that such corporations are liable for costs incident to such prosecution, while the State is expressly exempted. The act is in conflict with the Fourteenth Amendment to the Constitution of the United States and with section 19 of the Bill of Rights in the State Constitution, because it is penal in its nature and so vague, indefinite and uncertain as to be incapable of practical enforcement. Dillingham v. Putnam, 13 S. W., 303; Durkee v. City of Janesville, 28 Wis., 464; Davidson v. Jennings, 60 Pac., 356; L. & N. Ry. Co. v. Commonwealth, 35 S. W., 129; M., K. & T. Ry. Co. v. State, 100 Texas, 420, 100 S. W., 766; State v. T. & N. O., 103 S. W., 653; State v. Duke, 137 S. W., 665; Railway Co. v. City of Dallas, 98 Texas, 396, 84 S. W., 654; C., B. & Q. Ry. v. Drainage Commission, 200 U. S., 592; G., C. & S. F. Ry. v. Ellis, 165 U. S., 150; Cook v. State, 59 N. E., 489; Ex parte McNulty, 77 Cal., 164; Commonwealth v. L. & N. Ry. Co., 46 S. W., 700; Matthews v. Murphy, 54 L. R. A., 415.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

This case involves the constitutionality of the Act of the Thirty-first Legislature, chapter 96, page 175, commonly known as the Water Closet Law. The validity of the Act was sustained by the Honorable Court of Civil Appeals, 143 S. W., 223; but upon the motion of the appellee, it has certified to us the following questions:

"First. Is the Act in question violative of the Fourteenth Amendment to the Federal Constitution in denying to railroad corporations the equal protection of the laws in that it applies to railroad corporations only and does not apply to individuals, partnerships, receivers, trustees or associations, that are or might be performing the same character of service, with the same kind of instrumentalities, under the same general conditions?

"Second. Is this Act violative of said Federal amendment or section 19 of the Bill of Rights of the State Constitution in that the Act is so vague, indefinite and uncertain in its terms as to give the corporations affected thereby no rule by which they can regulate their conduct, thus depriving them of their property without due process of law?

"Third. Is said Act violative of said Fourteenth Amendment to the Federal Constitution or section 13 of the Bill of Rights of the State Constitution in that it expressly exempts the State from liability for costs incident to prosecutions thereunder?"

Sections 1 and 2 of the Act are as follows:

"Section 1. That each railroad and railway corporation operating a line of railway in the State of Texas for the transportation of passengers thereon shall hereafter be required to construct, within ninety days of the taking effect of this Act, and to maintain and keep in a

reasonably clean and sanitary condition, suitable and separate water closets or privies for both male and female persons at each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom at such station, for the accommodation of its passengers who are received and discharged from its cars thereat, and of its patrons and employees who have business with such railroads and corporations at such station.

"Section 2.    That said railroads and corporations are hereby required to keep said water closets and depot grounds adjacent thereto well lighted at such hours in the night time as its passengers and patrons at such stations may have occasion to be at the same, either for the purpose of taking passage on its trains or waiting for the arrival thereof, or after leaving the same, for at least thirty minutes before the schedule time for the arrival of its said train and after the arrival thereof at said station; provided, that said railroad or incorporation shall not be required by the provisions hereof to keep said closets lighted at such stations where the said railroad does not receive and discharge thereat in the night time passengers on and from its cars."

Section 3 provides the penalty for violation of the Act and contains a provision exempting the State from liability for any costs in suits instituted to enforce it.

If it be considered that the Act applies only to "railway corporations," as seems to have been the view of the Honorable Court of Civil Appeals and as is the premise of the contention made by the appellee against its validity, under established authority, it is not violative of the equality clause of the Fourteenth Amendment.    Missouri Pacific Railway Company v. Mackey, 127 U. S., 205; Tullis v. Railway Company, 175 U. S., 348; Union Cent. L. Ins. Co. v. Chowning, 86 Texas, 654.    It is common knowledge that in this State railroads of the kind affected by the Act are owned by corporations, and, in general, are conducted only by such agencies.    In the enactment of the law the Legislature was dealing with practical conditions; and as the Act, if held applicable merely to railway corporations, embraces all who, in general, own and conduct such railroads in the State, we do not think it should be condemned as based upon an arbitrary or unreasonable classification, because there are excluded from its operation individuals, partnerships, associations, etc., who may, in a private capacity engage in such business but as a matter of fact do not pursue it, and to whom, therefore, a statute in relation to such business would have no practical application.

But the terms of the Act do not restrict its operation to railway corporations.    Under its first section not only is each railway corporation operating a line of railway in the State for the transportation of passengers required to construct water closets at its stations as therein provided, but the same duty is imposed upon "each railroad" operating such line of railway.    The requirements of the second section apply alike to "railroads" and railway corporations.    The penalty provided in the third section is denounced not only against any railway corpora-

tion violating the Act, but against "any railroad" as well. It is therefore manifest that the Act is not confined to railway corporations, but was intended to apply to any "railroad" of the character referred to. Only by entirely ignoring the presence of the term "railroad" in the Act is it subject to be construed as limited in its application to railway corporations, which is not permissible if it may be given effect. With the Act plainly applying to railway corporations, it is evident that the use of this term by the Legislature as additionally descriptive of those included in its operation, was in its popular sense, that is as denoting all persons owning or operating ordinary lines of railway, I Elliott on Railroads (2nd ed.), page 10; and that the use of both terms was with· the intention to embrace railway corporations and all other persons owning or operating such lines of railway.

Under the authority of Campbell v. Cook, 86 Texas, 630, it is urged that the Act is not applicable to receivers operating such lines of railway, and is therefore unreasonably discriminatory in its character. While the terms of the Act are broader in their scope than those of the statute considered in that case, under its holding and that of United States v. Harris, 177 U. S., 305, and because of its penal nature, it may be doubted whether the Act is enforceable against such receivers. But that they are exempt from its operation does not in our opinion render the classification of the Act unreasonable.

The operation of a railroad by a receiver is that of the court that appoints him, as he is but an agency of the court, presenting in itself to our minds a sufficient ground for the exercise of legislative discretion in respect to his inclusion within the provisions of a penal statute. He has no personal interest in the property, and his possession is not in his own right. His relation to the property and its use is essentially different from that of those whose dominion over it is founded upon ownership or kindred property rights. His situation is dissimilar and the conditions of his operation of the business are unlike. It can not be said, therefore, that a classification in legislation of this character, which does not include receivers within its terms, is for that reason either arbitrary, hostile or unreasonable. We accordingly hold that the Act is not violative of the equality clause of the Fourteenth Amendment.

Neither do we regard the Act inoperative or violative of either the Federal or State Constitution because of any vagueness or uncertainty in its terms. A requirement that the water closets be kept in a reasonably clean and sanitary condition; that they be located within a reasonable and convenient distance from the passenger depots or be kept in connection therewith; and that they be kept well lighted, presents no difficulty to the understanding, and should present none in its observance. Its terms are suitable to the subject matter of the Act; and, having regard for the difference in conditions at the stations upon railway lines where it is made operative, the use of more specific language would very probably have provided only an arbitrary and impracticable rule.

With respect to the third question, we affirm the holding of the

Court of Civil Appeals that as the exemption of the State from liability for costs incurred in suits authorized for the enforcement of the Act is founded upon its sovereign character, the equal protection of the law is not thereby denied to those upon whom the Act is operative.

Each of the questions certified is answered in the negative.