**STATE v. HINES, Agent.   (No. 8013.)**

(Court of Civil Appeals of Texas.   Galveston.
Feb. 10, 1921.)

Railroads ⬤⟶5½, New, vol. 6A Key-No. Series—Federal Director General not liable to penalties for neglect of statutory duty to light premises.

Under Act Cong. March 21, 1918, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), relative to the federal control of railroads, the Federal Director General of Railroads whose predecessor in office took over the properties of a railroad in the possession and control of a receiver is not liable to penalties for failure of himself and predecessor to keep well lighted the water-closets and adjacent depot grounds maintained at several passenger stations, as required by Rev. St. arts. 6592–6594.

Appeal from District Court, Leon County; J. A. Platt, Judge.

Suit by the State of Texas, by the County Attorney of Leon County, against Walker D. Hines, Director General of Railroads. From judgment for defendant, plaintiff appeals. Affirmed.

James T. Ryan, of Centerville, for appellant.

Dabney & King and N. B. Morris, all of Houston, for appellee.

GRAVES, J.   The state, through the county attorney of Leon county, sued Walker D. Hines, as Director General of Railroads under the supervision of the United States government, and during the existence of his tenure as such, to recover of him in his official capacity penalties for the failure of himself and of his predecessor to keep well lighted the water-closets and adjacent depot grounds maintained by them at several passenger stations on the International & Great Northern Railway in Leon county, as required by articles 6592–6594 of the Revised Statutes of Texas.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was charged that up to January 1, 1918, the properties of the International & Great Northern Railway Company had been in the possession and control of James A. Baker, as receiver, but that on that date, by virtue of the Federal Control Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), they were taken over from him by the United States government, placed under the management and control of its Director General of Railroads, Wm. G. McAdoo, and that he, together with his successor in that office, the defendant Hines, had from that date till the filing of this suit on February 27, 1920, so controlled, managed, and operated them; that although they had kept and maintained water-closets at the stations mentioned, neither of these officers during any part of the time he was in such charge of the property had kept them lighted; the amounts claimed covered the entire period of federal control, 112 weeks at $50 per week, and aggregated $5,600.

On the trial, under agreement between the litigants, leave was granted the plaintiff to make Walter D. Hines, Agent, the defendant, in lieu of Walker D. Hines, Director General.

Thereupon the defendant presented a general demurrer to the plaintiff's petition, which the court sustained, and dismissed the suit. From that judgment the appeal proceeds.

It is contended here that the water-closet statute sued upon applies to the lessees of a railway company as well as to the company itself, and therefore to the Director General in this instance, since he was a lessee and not the receiver of the road.

With this deduction we are unable to agree. True, the act of Congress relating to control of the railroads of the country by the government (Act of Congress March 21, 1918, c. 25, § 10, 40 Stat. 456) provides:

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state of federal laws, or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President," etc.

And, in reference to suits against carriers, that—

"No defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government."

Our courts, however, have directly held this statute to be penal in its nature, as such to be strictly construed, and not enforceable against receivers of railroads. Campbell v. Cook, 86 Tex. 630, 26 S. W. 486, 40 Am. St. Rep. 878; State v. T. & P. Ry. Co., 143 S. W.

223, and Id., 106 Tex. 18, 154 S. W. 1159. The state therefore would have had no cause of action for its violation against Baker as receiver, and upon what ground it could have acquired any against the Director General, who, pursuant to this act of Congress, took over the properties from him, is not perceived. We do not understand that Congress in so providing for the national defense in time of war intended by the Federal Control Act to impose upon the Director General a greater liability while the railways were under his direction than that to which the carriers themselves were at the time of the transfer and would during that period have continued to be subject but merely meant to say that, except as was otherwise provided by that measure or by some order of the President, his responsibility and amenability should remain the same as heirs; that being so, since there were no contrary requirements from either source mentioned, it would seem to follow that the Director General would not be liable where the carriers whom he succeeded were not. In this particular instance, under the authorities above referred to, it is not doubted that the receiver of the International & Great Northern Railway Company could not have been penalized under this statute; neither, we conclude, was it applicable to the Director General.

The trial court therefore did not err in sustaining the general demurrer, and its judgment will be affirmed.

Affirmed.

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes