STATE v. BIGHAM, Sheriff.    (No. 810–4473.)

(Commission of Appeals of Texas, Section A. March 10, 1926.)

**1. Officers** ⊙⇒101—**District judge is not performing functions of district court in passing on claims of officers for fees (Code Cr. Proc. 1925, art. 1034).**

In passing on claims of officers for fees, district judge is not performing functions of district court, but only performing special duties imposed on him by Code Cr. Proc. 1925, art. 1034.

**2. Officers** ⊙⇒101.

A claim of an officer for fees, when presented to a district judge, is not a claim against the state.

**3. Appeal and error** ⊙⇒87(½)—**Decision by district judge of issue of fact as to whether officer rendered service entitling him to his fees is final adjudication, and not subject to review (Code Cr. Proc. 1925, art. 1034).**

If in passing on account of officers for fees under Code Cr. Proc. 1925, art. 1034, issue of fact arises as to whether services entitling officer to fees had been rendered, decision by district judge involves exercise of discretion and is final adjudication of such issue and not subject to review.

**4. Officers** ⊙⇒101—**Duty of district judge to approve account of officer for fees is positive, in absence of issue of fact calling for exercise of discretion (Code Cr. Proc. 1925, art. 1034).**

If in passing on account of officers for fees under Code Cr. Proc. 1925, art. 1034, no issue calling for exercise of discretion by district judge arises, his duty to approve account is clear and imposed by positive statutory requirement.

**5. Mandamus** ⊙⇒101—**Officer may require district judge to perform positive duty of approving account for fees by writ of mandamus (Code Cr. Proc. 1925, art. 1034).**

On refusal of district judge to approve officer's account under Code Cr. Proc. 1925, art. 1034, in case where it is judge's positive duty to do so officer may by writ of mandamus require him to perform the duty to approve.

**6. Mandamus** ⊙⇒4(1).

A writ of mandamus cannot be used to perform the office of an appeal or writ of error.

**7. Appeal and error** ⊙⇒10—**Court of Civil Appeals held without jurisdiction to entertain appeal from district judge's refusal to approve sheriff's account for fees (Rev. St. 1911, art. 1589; Code Cr. Proc. 1925, arts. 1029, 1033, 1034).**

In view of Rev. St. 1911, art. 1589, and Code Cr. Proc. 1925, arts. 1029, 1033, 1034, Court of Civil Appeals *held* without jurisdiction to entertain appeal from district judge's refusal to approve sheriff's account for fees in felony cases, since sheriff has adequate remedy by mandamus.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Application by John R. Bigham, Sheriff, for approval of account. The Court of Appeals (275 S. W. 147) reversed and remanded an order approving part and disapproving an additional sum, and the State brings error. Reversed, and appeal dismissed.

Dan Moody, Atty. Gen., and C. L. Stone and Weaver Moore, Asst. Attys. Gen., for the State.

W. W. Hair, Walker Saulsbury, and Winbourn Pearce, all of Temple, for defendant in error.

BISHOP, J. We refer to the opinion of the Court of Civil Appeals (275 S. W. 147) for a full statement of this case. Only such statement is here made as is necessary to the question herein discussed.

The defendant in error, John R. Bigham, sheriff of Bell county, presented to the judge of the district court of said county, as provided by article 1132, Code of Criminal Procedure (article 1033, O. O. P. 1925), his account for fees as sheriff in felony cases tried in said court. The judge, having examined the account, approved same as to some of the items therein, but rejected some of the items claimed under article 1122, Code of Criminal Procedure 1911 (article 1029, C. C. P. 1925), as fees for mileage. Being dissatisfied with the action of the judge in refusing to approve the rejected items, the sheriff gave notice of appeal to the Court of Civil Appeals, filed with the district clerk an appeal bond payable to the state of Texas, and caused a transcript to be made up by the district clerk and filed with the clerk of the Court of Civil Appeals. The case was entered upon the docket of the Court of Civil Appeals in the name of the sheriff as appellant and the state of Texas as appellee. The transcript contains copies of the following, to wit: (a) The account of the sheriff presented to the judge; (b) a statement of facts agreed to by the district attorney; (c) the order of the district judge approving in part and in part rejecting said account; (d) request of the sheriff for findings of fact and conclusions of law and order granting same; (e) findings of fact and conclusions of law by the district judge; (f) assignment of errors; (g) appeal bond; and (h) cost bill. The sheriff also filed with the district clerk a statement of facts agreed to by his attorneys and the district attorney as attorney for the state of Texas, which statement of facts was also filed with the clerk of the Court of Civil Appeals.

The Attorney General filed in the Court of Civil Appeals a motion to dismiss the appeal on the ground that the presentation of the account to the district judge and his action thereon was not a civil case in the district court in contemplation of article 1589, Re-

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vised Civil Statutes 1911, and for this reason the court was without jurisdiction to entertain an appeal from the order of the judge on said account. The Court of Civil Appeals overruled this motion, and on hearing reversed the order of the district judge, and remanded the cause with instructions.

In his application for writ of error, which was granted, the Attorney General assigns error on the action of the Court of Civil Appeals in overruling his motion to dismiss appeal. Article 1589 provides that—

"The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts of which the district courts have original or appellate jurisdiction."

Article 1133, Code of Criminal Procedure 1911 (article 1034, C. C. P. 1925), relating to the duties of the district judge in regard to accounts of this character, is:

"It shall be the duty of the district judge, when any such bill is presented to him, to examine the same carefully, and to inquire into the correctness thereof, and approve the same, in whole or in part, or to disapprove the entire bill, as the facts and law may require; and such bill, with the action of the judge thereon, shall be entered on the minutes of said court; and immediately on the rising of said court, it shall be the duty of the clerk thereof to make a certified copy from the minutes of said court of said bill, and the action of the judge thereon, and transmit the same by mail, in registered letter, to the comptroller of public accounts."

[1-5] In passing upon and approving or disapproving claims of officers for fees, the district judge is not performing the functions of the district court, but is only performing the special duties imposed upon him by the terms of this article. The Legislature, having provided for the payment of fees of sheriffs and other officers, for services performed by them, has selected the judge as a suitable person to pass upon and determine the merits of claims for such fees under the terms of the law providing therefor. A claim for fees when presented to the judge is not a suit against the state. The law provides for the payment of fees, and prescribes the manner in which accounts or claims may be presented, approved for payment, and paid. If in passing upon and approving or rejecting the account in whole or in part an issue of fact arises as to whether services entitling the officer to his fees have been rendered, the decision of this issue by the district judge involves the exercise of discretion, and is a final adjudication of such issue, and not subject to review. If, however, in passing upon the account, no such issue as would call for

the exercise of discretion on the part of the judge arises, his duty is clear and imposed by positive statutory requirement. And if, in disregard of this duty so imposed, he refuses to approve the account, the officer may, by writ of mandamus, require him to perform the duty to approve. This, we think, is clearly the holding of the Supreme Court in the case of Binford v. Robinson, 244 S. W. 807, 112 Tex. 84, in which writ of mandamus was awarded requiring the district judge to approve the account of the officer.

[6, 7] A writ of mandamus cannot be used to perform the office of an appeal or writ of error (American Construction Co. v. Jacksonville, T. & K. W. Ry. Co., 13 S. Ct. 758, 148 U. S. 372, 37 L. Ed. 486; Robertson v. Work, 270 S. W. 1006, 114 Tex. 461), and if this proceeding is a civil case in contemplation of article 1589, and appealable to the Court of Civil Appeals, or if it is a criminal case by reason of the fact that the sheriff's fees involved costs in criminal cases, and appealable to the Court of Criminal Appeals, an application for writ of mandamus would not afford a proper remedy. Both remedies are not available to the defendant in error, and, as it has been held in Binford v. Robinson, supra, that an officer may by mandamus require a district judge to approve his account, it necessarily follows that the Court of Civil Appeals was without jurisdiction to entertain an appeal from the action of the district judge in refusing to approve the account.

We cannot agree with the conclusion of the Court of Civil Appeals that the question here presented was determined in the case of Rochelle v. Lane, Comptroller, 148 S. W. 558, 105 Tex. 350. In that case the question under consideration was not only an entirely different one from this, but it bore not the slightest relation to this one. There the sole question was whether the comptroller had the authority to review the account approved by the district judge. The question whether the Court of Civil Appeals had jurisdiction, on appeal from the action of the district judge in approving in part only the account of a sheriff, to review such action, was not discussed by the court in the opinion in that case. The language there used had reference to the relative duties of the district judge and comptroller in approving and paying the account of the sheriff under the law prescribing those duties, and does not purport to discuss or determine this question.

We recommend that the judgment of the Court of Civil Appeals be reversed, and appeal dismissed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and appeal dismissed.