**ALEXANDER, District Clerk, v. DAVIS.**
No. 12896.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 21, 1933.

Greines & Greines, of Fort Worth, for appellant.

Wren, Pearson & Jeffrey, A. B. Culbertson, and Stuart & Morgan, all of Fort Worth, for appellee.

LATTIMORE, Justice.

This cause is governed by the principles announced in the opinion in W. E. Alexander, District Clerk, v. City of Fort Worth et al. (Tex. Civ. App.) 57 S.W.(2d) 353, this day decided, with this further statement:

The defendant filed a signed document stating that he "waives the issuance of citation upon him and enters his appearance—for all intents and purposes as fully and completely as if citation had been issued and served upon him and he agrees that- the above case may be set at any time that suits the convenience of the court." The clerk insists that this is an "answer."

Article 2046, Rev. Civ. Statutes, provides: "The defendant may, in person, or by attorney, or * * * agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law."

■ This statute has been in existence since statehood and gives no authority to an appearance other than such as service· of citation would have given. The question of the effect of an appearance has arisen chiefly in connection with the right to amend. Our earliest cases recognized that the statute was not exclusive and said an appearance in open court, even though not noted on the trial docket, gave the court power to grant leave to amend—a right which does not exist where jurisdiction over the defendant does not exist other than by service of citation. Hutchinson v. Owen, 20 Tex. 287, 289. Some of the later cases speak of a "general appearance," Mueller v. Heidemeyer, 49 Tex. Civ.

App. 259, 109 S. W. 447, which is said in St. Louis & S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S. W. 75, to exist "whenever the defendant invokes the judgment of the court in any way on any question other than * * * jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction." This is more than the statutory appearance, under article 2046, but does not aid us in the solution of this question.

■■ By article 1997, Rev. Statutes, "pleadings in civil suits in the district and county courts shall be by petition and answer," and the answer shall consist of "the defendant's ground of defense." This does not forbid a defendant from filing his pleading stating that he has no defense to the petition, nor is such any the less a pleading. The defendant under indictment is asked, "Do you plead guilty or not guilty?" His answer, "guilty," is no less a pleading. We believe that at least as far as the term "answer" is used in article 2075 it means that appearance which invokes the judgment of the court in some way upon some portion of plaintiff's proceedings. This the defendant does not do. He agrees that he has been served and that the court may set the case at will. He does not even say he does or will contest it.

The judgment of the trial court is affirmed.