## ALEXANDER, District Clerk, v. CITY OF FORT WORTH.

### No. 12895.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 21, 1933.

Rehearing Denied Feb. 18, 1933.

Greines & Greines, of Fort Worth, for appellant.

Wren, Pearson & Jeffrey, A. B. Culbertson, and Stuart & Morgan, all of Fort Worth, for appellee.

LATTIMORE, Justice.

The city of Fort Worth filed a suit in which an answer was filed. Thereupon the plaintiff dismissed the suit. The clerk taxed as costs a stenographer's fee of $3. On "motion to retax costs" directed against any such charge, the clerk appeared, and the trial court ordered such charge stricken from the bill of costs. Alexander, district clerk, has appealed to this court where the cause was consolidated with (Tex. Civ. App.) 57 S.W.(2d) 354, but, it appearing that such consolidation is not warranted, the causes are severed.

At the outset we are met with a plea to the jurisdiction, on the ground that the appellant district clerk is not a party to the suit below, and that no party to such suit has appealed.

The question of the taxing of the fee was raised by a proceeding styled "motion to retax costs," such application containing nothing except the complaint against the stenographer's fee, and that only on the ground that there is no law for the taxing of same in this case. To such complaint the appellant appeared in open court as recited in the order of the court.

The taxing of costs is a clerical act. Parker v. Boyd (Tex. Civ. App.) 42 S. W. 1031, as distinguished from the adjudicating of same, and the distinction is clear, though often so unimportant that the general practice is to attack the liability for costs under a motion to "retax." What is really sought here is an adjudication that article 2075, Rev. Statutes, is unconstitutional, i. e., an adjudication that any charge for stenographer's fee in any case is unlawful. The motion, therefore, was in reality an application for an injunction against the clerk to restrain him from attempting to enforce a void statute.

In Lockart v. Stuckler, 49 Tex. 765, our Supreme Court pointed out that the application for an injunction was in reality a motion to retax costs, and then proceeded to consider the merits thereof. Also the prayer for injunctive relief must first be presented to the trial court. M., K. & T. Ry. v. Crane (Tex. Civ. App.) 32 S. W. 11, 13. In that case it was held that the cost dispute between an officer of the court and a litigant was not such a part of the judgment on the civil issues between the parties as that the Court of Civil Appeals had original jurisdiction of an application for injunction, under article 1823, Rev. Civ. Statutes of 1925.

Cases such as Nail v. Wolfe City Nat'l Bank (Tex. Civ. App.) 158 S. W. 1166, and M., K. & T. Ry. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 655, are thus distinguishable, in that those questions were the adjudicating of who must pay the costs. With this the clerk had nothing to do, and the court's action thereon is truly as much a part of the judgment adjusting the relation of the parties to each other as any other part.

In State v. Bigham (Tex. Com. App.) 280 S. W. 1062, no suit was ever filed in the district court. The judge in certifying on the sheriff's right to fees for service generally as sheriff, and which are not "court costs," acts in no judicial capacity. The opinion was not approved by the Supreme Court. The case is not in point.

If a suit for an injunction was in fact a motion to retax costs, and "The old Alcalde" could look to the substance and not the name, Hutson v. Clark (Tex. Civ. App.) 3

S.W.(2d.) 484, Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087, and so doing proceed to dispose of the merits of the case, we should do the same.

Thus we have concluded, after considerable doubt, that we have jurisdiction over this appeal in which the parties against whom relief is sought have appeared in the trial court and joined the issue on the merits.

Article 2075, Rev. Civ. Statutes, requires: "The clerks of all courts having official reporters shall tax as costs in each civil case where an answer is filed, except suits to collect delinquent taxes, a stenographer's fee of three dollars, which shall be paid as other costs in the case, and * * * into the general funds of the county." This is attacked as being a violation of the equal rights clause (section 3, Bill of Rights) as well as the "uniform taxes" clause (article 8, § 1, of our Constitution).

In Texas Co. v. Stephens, 100 Tex. 628, 640, 103 S. W. 481, 485, it is said: "The considerations upon which classifications shall be based are primarily within the discretion of the Legislature. The courts * * * can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified." See, also, Ex Parte Faison, 93 Tex. Cr. R. 403, 248 S. W. 343.

The burden is thus on the person claiming the unconstitutionality. Nothing is shown in this record of any facts asserted, unless we can say that the face of the statute shows its own unreasonableness.

The statute fixes a flat fee in each case where an answer is filed, tax suits excepted, and plainly it was intended to provide revenue for the fund out of which the reporter receives his salary, which salary is fixed by law, and is independent of the amount of stenographer's fees collected by the clerk. The theory of the Legislature evidently was that in those cases where an answer is filed the court must have a stenographer on hand for the trial. Manifestly the official must be provided in advance. The court could not wait until the first witness was on the stand and then start a search for a reporter. Thus the gauge of the probability of the need of a reporter, which need manifestly must be provided for in advance, was considered by the Legislature to be the joining of issues by an answer filed. This seems to us highly reasonable. At any rate, we are not required to go further than to say, as we do, that the classification is not unreasonable. Of course, any classification may as to some individuals work more hardship than others. We all pay taxes to support public schools, and yet the man with a large family of children receives more benefit than another who is childless. But this is not any evidence that

the tax is unjust. Likewise it is of no importance that in the case at bar the case never actually came to trial.

Nor are we shown any reason why tax suits should not be exempted. We doubt if we can take judicial knowledge of the stench in public nostrils caused by the thousands of tax suits which have been customarily filed without any intention to prosecute the same, but with the result that the already groaning property owner is compelled to pay attorney's fees and officers' costs attached thereto; or of the fact that less than 1 per cent. of such cases are ever set for trial, although some of us who have sat on trial benches are sadly aware of it. But the Legislature may have breathed in such an odor. At least we can say that the appellee has not discharged the burden of showing such exemption unreasonable.

The cause is reversed and remanded for further proceedings consistent with this opinion.

On Motion for Rehearing.

Appellee insists that the Legislature, having selected a class to be charged the stenographer's fee—those suits in which answers are filed—could not exempt tax suits. Tax suits are filed by sovereignty. The proposition need be answered no further than in State v. T. & P. Ry. Co., 106 Tex. 18, 154 S. W. 1159.

The motion is overruled.