### EX PARTE C. T. TOWNSEND.

No. 21297. Delivered October 16, 1940.
Rehearing Denied November 20, 1940.

The opinion states the case.

*Taylor, Irwin & Irwin, Wallace B. Moore,* and *W. C. Graves,* all of Dallas, for appellant.

*H. P. Kucera* and *W. B. Pope,* both of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was held under a complaint filed in the city court of Dallas County, Texas, in which he was charged with a violation of a certain city ordinance, being No. 2691, which ordinance was concerned with the use, handling, storage, keeping, manufacture and transportation of flammable oils and hazardous materials, etc., in said city.

He sued out a writ of habeas corpus before a county judge

of that county, and, upon a refusal to grant his discharge, he appealed to this court.

Relator raises but one question on this appeal, and that has to do with the hereinafter quoted portion of such ordinance, the same being paragraph 4 thereof as follows:

"Emergency and Discharge Control. Each compartment of a gravity discharge truck shall be equipped with a reliable and efficient shut-off valve located inside the shell of the tank in the compartment outlet, and except during delivery operations, such valve shall be automatically kept closed, or shall be so interlocked with the delivery operation, it will be mechanically closed when said delivery operations are completed and provision for this mechanical closing available at each end of the tank.

"All exterior control connections of emergency valves shall be made above the liquid level, and in the bucket box shall be located a closing device protected by a fusible link and such device shall be common to all valves.

"Each emergency valve shall incorporate an efficient break point so located that its rupture shall leave the valve intact."

It is contended that the phrase *"a reliable and efficient shut-off valve"* is so vague, indefinite and uncertain, and of such doubtful construction that it can not be understood from the language in which it is expressed, and therefore offends against the provisions of Art. 6 of our Penal Code.

That the City of Dallas has the power to legislate relative to the storage, transportation and handling of oils and gasoline will doubtless be granted, and such is expressly so held by the Supreme Court of this State in the case of Lombardo v. City of Dallas, 73 S. W. (2d) 475; it is therein also held that in order to hold an ordinance invalid, it must be clearly and plainly unreasonable (page 486).

However relator's contention is that no one can understand what is demanded of him in said ordinance wherein. it directs that his truck tank shall be equipped with "a reliable and efficient shut-off valve."

In construing these words, unless they have some technical or special meaning different from their usual and accepted import, we have the statutory admonition that they are to be taken and construed in the sense in which they are understood in common language. See Art. 8, Penal Code.

Then let us see what "reliable and efficient" means in common language. As reflected by the dictionary "Reliable" means suitable or fit to be relied upon; worthy of dependence or reliance; trustworthy. "Efficient" means * * * producing results, not inactive * * * nor incapable.

This ordinance therefore requires that such tank trucks shall be equipped with a shut-off valve that is suitable and fit to be relied upon, trustworthy, and was capable and produced results; that is, a valve that would cut off any liquid escaping from the tank truck through proper channels.

We are impressed with the belief that the term "reliable and efficient" conveys the idea intended to be expressed in simple language that would be understandable to any ordinary mind. In other words, such phrase means a shut-off valve that would shut off a flow of liquid when utilized for such purpose.

We are referred to the case of H. & T. C. Ry. Co. v. Stevenson, 29 S. W. (2d) 995, an opinion by Justice Sharp, in which he holds that the phrase "adequate brakes in good working order" was sufficiently plain and certain to apprise a person of what the legislative intent and meaning was in the use of such words, and did not offend against Art. 6, P. C. We are also referred therein to the case of Galveston H. & S. A. Ry. Co. v. Enderle, 170 S. W. 276, wherein it was held that the phrase "sufficient and secure grab irons, hand holds and foot stirrups" was plain and simple language and capable of being understood by anyone affected thereby. The word "sufficient" meaning therein fitness to answer the purpose for which it was intended.

Again therein he quotes from the case of State of Texas v. I. & G. N. Ry. Co., 107 Texas, 349, 179 S. W. 867, relative to the phrase "light repairs," in which said phrase was not held indefinite.

We are also cited to the case of State of Texas v. T. & P. Ry. Co., 106 Texas, 18, 154 S. W. 1159, construing what is commonly known as the "water closet" statute. Justice Phillips' concluding paragraph therein should at least be persuasive in this matter. He says: "Neither do we regard the Act inoperative or violative of either the Federal or State Constitution because of any vagueness or uncertainty in its terms. A requirement that the water closets be kept in a reasonably clean and sanitary condition; that they be located within a reasonable and convenient distance from the passenger depots or be kept in connection therewith; and that they be kept well lighted, pre-

sents no difficulty to the understanding, and should present none in its observance. Its terms are suitable to the subject matter of the Act; and, having regard for the difference in conditions at the stations upon railway lines where it is made operative, the use of more specific language would very probably have provided only an arbitrary and impracticable rule."

As sustaining his position relative to the unsoundness of this ordinance, relator refers us to the case of Ex parte Wilmoth, 67 S. W. (2d) 289, commonly called the taximeter case in which an ordinance of the City of San Antonio provided in substance that each taxicab in said city should be equipped with a "meter of standard size and design to be approved by the chief of police," etc. This court held such ordinance invalid, its reasoning being based, however, upon the improper delegation of power therein to the chief of police to say whether such taximeter was of a standard size and design. We do not think such a holding of benefit to us in the decision of this case.

That the handling of oils, gasoline, etc. is a hazardous occupation is not denied, and we think that this ordinance requiring a reliable and efficient cut off valve to be a part of the equipment of a tank truck handling such materials within the City of Dallas comes within the police power delegated to and inherent in city governments of this State. We are also of the opinion that the terms of this ordinance No. 2691 are sufficiently clear and plain so that he who runs may read and understand its plain and intelligible terms to mean that such truck must be equipped with a cut off valve that can be depended upon to cut off the flow of liquid from such tank truck.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

As stated in the original opinion, only one question is presented on this appeal. In his motion for rehearing appellant takes the same position as that which was thoroughly considered on the submission of the case. No authorities have been presented which modify our original conclusion, and we think that the opinion amply discusses the question presented, and that the right conclusion was reached.

The motion for rehearing is overruled.