

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 30, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-1488

Re: Legality of paying mile-
age fees to a sheriff for
bringing a defendant in a
murder case to Austin
under a bench warrant to
take a lie detector test
at the Department of
Dear Sir:                    Public Safety.

Your request for an opinion reads in part as
follows:

"This Department has received a Dis-
trict Court Fee Bill from the sheriff of
Sutton County, a fee county, for taking a
defendant on a bench warrant in a murder
case from Sonora to Austin, and return to
Sonora.

"The defendant was indicted on Sep-
tember 4, 1951, on a murder charge. On
November 29, 1951, the District Judge of
the 112th Judicial District Court in and
for Sutton County issued a bench warrant
commanding the sheriff of Sutton County
to take the defendant to Austin before the
proper officer of the Department of Public
Safety, and have him there on December 7,
1951, at or before nine A.M. to take what
is commonly called a lie detector test;
and to keep him there for the purpose of
said examination and to return him safely
to the county jail of Sutton County, Tex-
as, when the test was completed.

"This Department requests your opinion
as to whether the sheriff of Sutton County
is entitled to mileage fees under the provi-
sions of Article 1030 C.C.P. for conveying

said defendant from Sutton County to Austin and return. In the event you hold these fees are payable, would each mile traveled in taking the defendant to Austin, and returning him to Sonora, be at the rate of 15¢ per mile for the prisoner, and 15¢ per mile for the sheriff, at a total rate of 30¢ per mile?"

Subdivision 4 of Article 1030, V.C.C.P., provides:

"For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

This office has heretofore held that the Comptroller is authorized to issue warrants for the payment of mileage fees incurred by a sheriff in the execution of "bench warrants" compelling the appearance of persons in a case pending before the court which issued the "bench warrant." Att'y Gen. Ops. 2967 (1935), 3011 (1937), V-1008 (1950), and V-1030 (1950).

On the other hand it has been held by this office that warrants may not be issued to pay mileage fees for the execution of "bench warrants" not issued to compel the attendance of any person in a case or in any manner necessary to the enforcement of the court's jurisdiction of any person. Att'y Gen. Op. 0-4087 (1941) and Letter Opinion to Honorable George H. Sheppard, Comptroller of Public Accounts, dated August 1, 1935.

It is stated in the opinion dated August 1, 1935:

"You are advised that in my opinion the sheriff would be entitled to his fee as provided for in the statutes by reason of serving process of the court for going

to the penitentiary and returning this prisoner to his county. He would not be entitled to a fee for returning the prisoner to the penitentiary as in my opinion the District Judge has no authority to issue a bench warrant or any other process ordering the sheriff to deliver a prisoner to any other jurisdiction. This would be a matter for the penitentiary authorities to handle and it would be their duty to deliver this prisoner back to the penitentiary."

In Attorney General's Opinion O-4087 it was said:

"Neither the capias nor bench warrant is required to be recognized by the Federal authorities who hold the person as a Federal prisoner. Since they turned over to the sheriff their prisoner, at which time it is presumed the arrest was made, he then became the prisoner of the sheriff whose duty extended no further than to convey him back to his own county jail or to bring him before the court issuing the bench warrant. In so far as the Federal authorities or the bench warrant is concerned, requiring him to return the prisoner to the Federal jail after trial on the felony charge, fees for mileage so incurred are not provided for nor within the purview of the statute.

"When we look to the above subdivision 4 of the article and attempt to apply it alone to the facts, the sheriff, though armed with both a capias and bench warrant in going to the jail in Austin, was not traveling for the purpose of removing a prisoner. We cannot extend the meaning of the word 'prisoner' to include Federal prisoner, one outside the reach of the processes of a State court. Under the foregoing facts, subdivision 1 is to be construed with subdivision 4, and since the sheriff in going to the jail in Austin was traveling 'in going to the place of arrest,' he is allowed mileage on return with his prisoner as provided in subsection 4, but not without further limitation. Such

mileage fee appears by the provisions of subdivision 1, to be restricted by the language 'for conveying the prisoner or prisoners to jail.' The statute does not allow mileage for any farther point or terminus after making an arrest and for removing a prisoner, than the jail over which the sheriff is keeper.

"Statutes prescribing fees for public officers are strictly construed and the sheriff is entitled to such fees as statutes authorize. Bigham v. State, 275 S.W. 147, judgment reversed (Com. of App.), 280 S.W. 1062.

"It is therefore the opinion of this department that the sheriff, under the facts set forth, is not entitled to mileage fees for returning the prisoner after trial on a felony charge to the Federal jail in San Antonio."

The "bench warrant" in question was not issued to enforce the court's jurisdiction of the prisoner or to compel his attendance in a case, but was issued for the purpose "of having what is commonly called a lie detector test made upon him, to which the defendant and his attorney have agreed in writing."

We know of no statute authorizing the State to pay mileage fees incurred in the execution of "bench warrants" of this nature. You are therefore advised that the sheriff in question is not entitled to mileage fees from the State in the instant case.

## SUMMARY

Under existing State statutes the State is not liable for mileage fees incurred by a sheriff in the execution of a "bench warrant" commanding the sheriff to take a defendant from a county having

jurisdiction of the defendant to Austin
for the purpose of taking a lie detector
test at the Department of Public Safety.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:am

PRICE DANIEL
Attorney General

By *John Reeves*
    John Reeves
    Assistant