**STANDARD CONCRETE PIPE SALES CORPORATION et al., Appellants,**

**v.**

**ED JOHANSSON CONSTRUCTION COMPANY et al., Appellees.**

No. 4271.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Rehearing Denied Oct. 15, 1964.

Herbert Finkelstein, Houston, for appellants.

McLeod, Mills, Shirley & Alexander, Armstrong, Bedford & Lambdin, Galveston, for appellees.

WILSON, Justice.

A supplier of material, appellant, sued a public works contractor to whom it had furnished material, and the surety on the contractor's payment bond. Appellant recovered against the contractor, but judgment was rendered that it take nothing against the surety. We affirm.

Appellants' single point is that Acts 56th Legislature, R.S.1959, Ch. 93, p. 155, is unconstitutional "because it violates Article 3, Sec. 35 of the Constitution of Texas, requiring an act to have only one subject, which shall be expressed in its title." It is not contended the subject is not expressed in the title of the Bill. Appellants' position is that the Bill contains multiple subjects.

The first section of the challenged enactment, as material here, requires in effect that a prime contractor entering into a formal public construction contract *in excess* of $2,000 shall execute a payment bond upon which suit may be brought for unpaid material claims after giving specified notices. The second section provides for the fixing of a lien in favor of the material claimant on payments due the contractor, if the prime contract does *not exceed* $2,000. It also contains detailed notice requirements.

The relevant portion of the title reads: "An Act relating to the requirement of performance and payment bonds by public contractors and claims and liens thereunder for materials and labor; amending Article 5160 of the Revised Civil Statutes of Texas, 1925, and Section 1, Chapter 17, Acts of the Thirty-ninth Legislature, 1925" (Art. 5472a).

The first section of the present Act amends a statute compiled as Art. 5160, Vernon's Ann.Tex.Civ.St., which in effect required a contractor's payment bond in connection with all public contracts, without limitation as to the amount of the contract. The second section amends Art. 5472a, V.A.T.S., which, as it then existed, provided for the fixing of a lien on payments due the contractor in favor of all material claimants, irrespective of the amount of the contract.

Appellants' argument is that before the 1959 enactment a materialman could enforce his claim against a contractor both by fixing a lien on payments due under Art. 5472a, and by recovery on the contractor's payment bond under Art. 5160, without regard to the amount of the contract; that the Legislature had previously dealt with these two methods by separate statutes; that the title of the 1929 Act which was originally compiled as Art. 5160, as well as

that of its 1913 predecessor, referred only to "bonds" in connection with public construction contracts, whereas the title of the bill which became Art. 5472a referred only to "liens". Appellant says, "It is our contention that these two subjects, hitherto treated separately by the Legislature, could not be treated in a single Act because of the prohibition of Art. 3, Sec. 35 of the Constitution."

In McMeans v. Finley (Byrom v. Finley), 88 Tex. 515, 521, 32 S.W. 524, 525, Chief Justice Gaines said of Sec. 35 that "the provision as to one subject does not apply where two matters are incorporated in the act which are germane to each other, and parts of the same general subject-matter."

■■ The general subject of this enactment is safeguarding of contractors, suppliers and others against loss in public contracts. The emergency clause recites its provisions "are necessary to provide simple direct methods of giving notice and perfecting claims." The statute authorizes one method for a contract involving over $2,000, and another method for smaller contracts. They relate to only one subject. The constitutional requirement that a bill shall contain no more than one subject "does not mean it shall contain only one provision. Its purpose is to prevent the joining in one act of incongruous and unrelated matters, and an act may contain any number of provisions which tend to further its purpose." 1 Cooley, Constitutional Limitations, (8th ed.) 308. That the statute affords more than one method of accomplishing its object does not necessarily mean it embraces more than one subject if these methods are germane and relate to the main subject of the statute. Campbell v. Cook, 86 Tex. 630, 26 S.W. 486, 40 Am.St.Rep. 878; Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915, 920; Missouri K.-T. R. Co. v. Rockwall County, etc., 117 Tex. 34, 44, 297 S.W. 206, 209; City of Beaumont v. Gulf States Utilities Co., Tex.Civ.App., 163 S.W.2d 426, 431,

writ ref. See Key Western Life Ins. Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839, 843; Ex parte Jimenez, 159 Tex. 183, 317 S.W.2d 189, 194.

The Act is not subject to the objection made. Affirmed.